## 37485. DeHOWITT *v.* HARTFORD FIRE INSURANCE COMPANY *et al.*

QUILLIAN, Judge. 1. In a workmen's compensation case an essential element of a valid claim is that the claimant sustain accidental injury arising out of his employment.

2. The law is well settled in this jurisdiction that a reasonable time must ensue after an employee reaches an employer's premises prior to the time work should begin, and an accident occurring during such time shall be construed as arising out of and in the course of the employment. *General Accident &c. Corp.* v. *Worley*, 86 *Ga. App.* 794 (72 S. E. 2d 560).

3. 8 Schneider's Workmen's Compensation 60, § 1717 provides as follows: "Where an employer is a tenant in a building housing many employers, so much of the steps, elevators, hallways and other parts of a building as are necessary for the employee to use in coming to or departing from the place where his services to his employer are rendered are considered part of the employer's premises, and injuries sustained, while thereon for the purpose of entering upon the duties of the employment, or departing from such duties, are generally held to be compensable as coming within the purview of the compensation acts."

4. It is not essential to the claimant's right of compensation that the employer designate the route by which he is to proceed to the place where he renders the service of his employment. In Utah Apex Mining Co. *v.* Industrial Commission of Utah, 67 Utah 537 (248 P. 490, 49 A. L. R. 415 (1)) it is held: "An employee's death occurs in the course of his employment within the meaning of the Workmen's Compensation Act, when it is caused by coming in contact with a cable which, without his knowledge, has accidently become charged with electricity, although he is traveling a little-used path from his working place to the highway after quitting work for the day, the use of which by him had never been sanctioned by his employer, although others were permitted to use it, if its use by him had not been forbidden, and it was more convenient for him than the one regularly provided."

5. "Thus, an injury received by an employee in entering or leaving a place of employment, in a building in which the employer leases or uses a part only, has generally been held to arise out of and in the course of the employment, where

the means used by the employee to enter or leave the building is the only means of ingress or egress." 58 Am. Jur. 727, § 221.

6. The words of the foregoing text, "the only means of ingress and egress" mean no other way of entering or leaving the place of employment except through the building where the place of employment is located. It is patent that the quoted words are not intended to restrict the area of the employer's premises to one of two or more ways through the building to the employer's place of business. This view is supported by the holding of Kasari v. Industrial Commission of Ohio, 125 Ohio 410 (181 N. E. 809, 82 A. L. R. 1040, 1042), "In the instant case, the workman had reached the premises by means of a roadway which was a much used, though not an exclusive, means of access. . . 'The hazards of such zone growing out of the conditions and environments of his employment are hazards of his employment, and an injury received by an employee due to such hazards is compensable out of the industrial insurance fund of the Workmen's Compensation law'."

7. Where the employer's place of business is located in a building of which it occupies only a part, and two ways through the building are the only means of ingress and egress to and from such place of business, both ways are parts of the employer's premises within the meaning of the workmen's compensation law.

8. In this case the employer's landlord, Trust Company of Georgia, furnished two ways through the building to the employer's place of business and the claimant's place of employment, both of which were customarily used by the claimant and his fellow employees and so far as the record discloses were equally safe. One way from Edgewood Avenue was through the lobby of the building, the other from Pryor Street through the landlord's banking offices and the lobby. The ways were more convenient to the employees depending upon whether they entered the building from the Pryor Street or the Edgewood Avenue side of the building. Both ways were, within the contemplation of the Workmen's Compensation Act, parts of the employer's premises. Hence an accidental injury sustained by the claimant as he proceeded over either route in going to his work arose out of his employment, and the superior court erred in affirming the award of the single director denying compensation.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 4, 1959—REHEARING DENIED
FEBRUARY 20, 1959.

Smith, Field, Doremus & Ringel, Richard D. Carr, Charles L. Drew, Harvey J. Kennedy, for plaintiff in error.

John M. Williams, A. E. Fabian, contra.