## 56363. FEDERAL INSURANCE COMPANY et al. v. HORNER.

DEEN, Presiding Judge.

1. The administrative law judge hearing this workmen's compensation case correctly held as follows: "It cannot be seriously questioned in this state that injuries sustained by an employee in an accident suffered while on the way to work and before actually beginning work, are not compensable, in the absence of a showing that the employee occupied the status of a traveling salesman or one on call. See, for example, *Travelers Ins. Co. v. Ross,* 110 Ga. App. 312, 313, and *Corbin v. Liberty Mutual Ins. Co.,* 117 Ga. App. 823." In the present case the employee, who used his own car to go to and from work, was given gasoline with which he went to the post office and occasional places of business for his employer. His regular work was all performed in his office. On the day in question he was injured while en route from home to

office, on a direct trip during which no errand for the employer was performed or contemplated. The award therefore correctly denied compensation; it falls under the general rule that accidents suffered going to or from work are not in the course of employment, and not under any exception thereto.

2. The judge of the superior court erred in remanding the case to the compensation board with direction that adequate findings of fact be made. The findings of fact set out by the administrative law judge in this case were sufficient. The order of the full board on appeal recites that upon de novo consideration of all the evidence it adopts the findings of fact and conclusions of law as set out in the original award. That this is a sufficient finding see *Gatrell v. Employers Mut. Liab. Ins. Co.*, 226 Ga. 688 (177 SE2d 77) (1970); *Pacific Employers Ins. Co. v. West,* 213 Ga. 296 (1) (99 SE2d 89) (1957).

The judge of the superior court erred in remanding the case to the compensation board since a proper judgment would have been one of affirmance.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 7, 1978 — 

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Andrew J. Hinton,* for appellee.