## 57891. WEST POINT PEPPERELL, INC. v. McENTIRE.

McMURRAY, Presiding Judge.

This case involves a claim for workers' compensation for injuries received by the claimant while she was an employee of West Point Pepperell, Inc. Claimant was injured when she was struck by a car in crossing a street from the place of employment in going from her area of employment to her automobile which was located in the company owned and controlled parking lot. The administrative law judge in making his initial award of compensation determined that the claimant's period of employment includes reasonable time for egress and that she was following the normal route and that her injuries occurred at a place where she could normally be expected to be at a reasonable time. The award further stated that while the testimony was somewhat conflicting as to exactly where the claimant was crossing the street and as to the color of the light, nevertheless as a matter of fact the administrative law judge determined that the claimant

was not wilfully negligent or in violation of any laws or ordinances and that she was crossing the street in the proper place in obedience with the traffic signal. On appeal to the full board and upon de novo consideration of the evidence the findings of the administrative law judge were adopted except with some slight changes. However, one board member dissented. The board added that the parking lot was a part of the employer/self-insurer's premises and was furnished for the benefit of employees and that claimant was proceeding from one part of employer/self-insurer's premises to another when she was injured crossing the street "on a green light in her direction."

The superior court on appeal affirmed the board, and the employer/self-insurer appeals. *Held:*

1. An employee is allowed a reasonable time for egress from the immediate place of work during which she remains in the course of her employment. *United States Casualty Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378). The evidence here was sufficient to support a finding that she was proceeding from one part of the premises to another when the injuries occurred. See *Federal Insurance Co. v. Coram,* 95 Ga. App. 622 (98 SE2d 214).

2. The case is somewhat similar to that of *Liberty Mutual Insurance Co. v. Bray,* 136 Ga. App. 587 (222 SE2d 70). However, in that case the board established that the claimant "jaywalked" across a highway at the time of the injury and the cause of injury was the result of wilfully violating the penal statute (although this was a 5-4 decision by this court). In the case sub judice the board clearly found that the claimant violated no penal statutes or ordinances and was not guilty of any wilful misconduct so as to bar her claim under Code § 114-105. The evidence here was sufficient to support the findings of the board. The superior court did not err in affirming the award.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MAY 3, 1979 — DECIDED JUNE 19, 1979 — REHEARING DENIED JULY 13, 1979 —

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr., Raymon H. Cox,* for appellant.

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellee.