## 70781. KNIGHT-RIDDER NEWSPAPER SALES, INC. et al. v. DESSELLE.
### (335 SE2d 458)

CARLEY, Judge.

Appellee worked as a sports writer for a newspaper. After work, while crossing a public street between the newspaper building and a parking lot leased by the newspaper solely for the use of its employees, appellee was injured when struck by a vehicle driven by a fellow employee. Appellee brought the instant tort action against appellants, who are the fellow employee-driver and various corporations concerned in the publication and distribution of the newspaper. Appellants' answer denied liability and raised by way of defense the exclusive remedy provisions of the Workers' Compensation Act as a bar to appellee's recovery. Appellee moved for partial summary judgment, asking the court to determine that his injuries did not "arise out of or in the course of his employment" and that appellants were afforded no immunity to his tort action based on the Workers' Compensation Act. Appellants moved for summary judgment in their favor on the grounds that they were immune from suit because appellee's injuries arose out of and in the course of his employment and his claim based upon said injuries was in fact being handled as such under the Workers' Compensation Act. The trial court granted appellee's motion and denied that of appellants.

At the outset, we note that the cases deciding whether or not a workers' compensation claim is viable apply with equal force when, in a tort action, the question of coverage arises in the context of the application of the exclusive remedy doctrine. *Utz v. Powell*, 160 Ga. App. 888 (288 SE2d 601) (1982). The Workers' Compensation Act was not only intended to provide relief to injured employees, but also to protect employers against excessive recoveries of damages. *Slaten v.*

*Travelers Ins. Co.*, 197 Ga. 1, 3 (28 SE2d 280) (1943); *Samuel v. Baitcher*, 247 Ga. 71, 73 (274 SE2d 327) (1981).

For an injury arising out of and in the course of employment, an employee's remedy against the employer is pursuant to the provisions of the Workers' Compensation Act. OCGA § 34-9-11. The period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises. *Federal Ins. Co. v. Coram*, 95 Ga. App. 622 (98 SE2d 214) (1957); *United States Casualty Co. v. Russell*, 98 Ga. App. 181 (105 SE2d 378) (1958). It is not significant that appellee in the instant case was injured on a public street. He could not have reached the parking lot without crossing the street. What is important is that he was taking a direct route from one part of the employer's premises to another. In *West-Point Pepperell v. McEntire*, 150 Ga. App. 728 (258 SE2d 530) (1979), an employee was held to have been in the course of her employment when struck by a car on a public street while going from her place of work to a company-controlled parking lot. That case is indistinguishable from the instant case. While crossing the street between the newspaper building and the parking lot, appellee remained within the course of employment. See also *Dept. of Human Resources v. Jankowski*, 147 Ga. App. 441 (249 SE2d 124) (1978). The parking lot was provided by the employer for the convenience of the employer and of the employees, who were encouraged to use the lot. It is immaterial that the appellee was not required to park in the lot. He did so on this occasion. See *Federal Ins. Co. v. Coram*, supra; *Dept. of Human Resources v. Jankowski*, supra. Appellee contends that because appellant-employer did not own the lot, but leased it, it was not part of the employer's premises. This lack of ownership is not material. The lot was under the direction and control of the employer, who furnished it for the use of its employees. The lot was therefore part of the employer's premises. *Dept. of Human Resources v. Jankowski*, supra; *Walsh Constr. Co. v. Frawley*, 248 Ga. 151 (284 SE2d 434) (1981) (dissent to denial of cert.).

Appellee's injuries having arisen out of and in the course of his employment, his exclusive remedy against appellants is that provided by the Workers' Compensation Act. Accordingly, it is unnecessary to reach appellants' contention that appellee is estopped from bringing the instant tort action by virtue of his actual acceptance of Workers' Compensation benefits.

*Judgment reversed. Sognier, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 13, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*Jerome M. Rothschild, Martelle Layfield, Jr.*, for appellants.
*Richard Y. Bradley, James E. Humes II*, for appellee.