77838, 77840. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. CONYERS TOYOTA, INC. (two cases).
77839, 77841. CONYERS TOYOTA, INC. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY (two cases).

(380 SE2d 296)

BANKE, Presiding Judge.

Willie J. Redmon, who is not a party to this appeal, sued the appellant, Southern Bell Telephone & Telegraph Company, to recover for injuries which he and his deceased wife sustained when their automobile struck a telephone cable which had fallen across the highway. Southern Bell filed a third-party complaint for contribution against the appellee, Conyers Toyota; and Redmon later amended his complaints to add Conyers Toyota as a defendant. Southern Bell settled with Redmon and proceeded to trial on its contribution claim against Conyers Toyota. The jury returned verdicts in favor of Conyers Toyota, following which Southern Bell appealed, and Conyers Toyota cross-appealed.

The relevant facts do not appear to be in dispute. On January 2, 1982, Conyers Toyota was engaged in ferrying used cars from one car lot to another. One of its employees, Lancaster, obtained permission from his supervisor to ask his roommate, Adams, for assistance in moving the cars. As Adams was attempting to drive away from the premises in his automobile after completion of the car-ferrying activity, he hit and severed a utility pole guy wire, causing the utility pole to fall over and thus precipitating the collision on which Redmon's suit was predicated.

At the close of Southern Bell's evidence, Conyers Toyota moved for a directed verdict on the issue of whether Adams had been acting as its agent or employee when he struck the guy wire. The trial court granted the motion, thereby removing the issue of vicarious liability from the jury's consideration. The case proceeded to the jury, however, on other theories of liability. *Held:*

1. Southern Bell contends the trial court erred in granting Conyers Toyota's motion for a directed verdict on the vicarious liability issue because there was evidence from which the jury could have inferred that Adams was in Conyers Toyota's service at the time of the accident. Conyers Toyota, on the other hand, contends that the evi-

dence established without dispute that any master-servant relationship which might have existed between itself and Adams terminated just prior to the accident.

Ordinarily, the question of whether or not the act of a servant was done in the scope of his employment is for the jury. *West Point Pepperell v. Knowles*, 132 Ga. App. 253 (1) (a) (208 SE2d 17) (1974). It has repeatedly been held that " 'the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises.' [Cits.]" *United States Cas. Co. v. Russell*, 98 Ga. App. 181, 182 (105 SE2d 378) (1958). These holdings are predicated on the rationale that until the employee has actually departed the premises, he has not "started traveling a route of [his] choosing wholly disconnected with [his] employment." *Federal Ins. Co. v. Coram*, 95 Ga. App. 622, 624 (98 SE2d 214) (1957). While we recognize that these holdings have arisen in the context of workers' compensation rather than tort claims, the Georgia Supreme Court has held that " '[i]n determining whether or not the relationship of master and servant prevails in a compensation case, the same principles that exist under the common law obtain.' [Cit.]" *Farmer v. Ryder Truck Lines*, 245 Ga. 734, fn. 2 (266 SE2d 922) (1980), cert. denied 499 U. S. 885 (1983).

" 'A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a).' [Cit.]" *Dependable Equip. &c. Co. v. Nursecare of Atlanta*, 184 Ga. App. 136, 137 (361 SE2d 23) (1987). In the present case, the evidence established without dispute that although the car-ferrying activity had been completed, Adams was still in the act of leaving Conyers Toyota's premises when he struck the guy wire. Under these circumstances, the trial court erred in concluding as a matter of law that he was no longer acting within the scope of his employment at that time.

2. Southern Bell contends that the trial court further erred in refusing its requested jury charges on certain principles of law relating to the vicarious liability issue. Of course, the reason the trial court did not charge on these principles was because it had removed the issue from the jury's consideration by granting the directed verdict. We are confident that upon any retrial of the case, the relevant principles of law covered by these requested charges will be included in the court's charge.

3. Southern Bell contends that the trial court erred in refusing to charge the jury that where a party relies upon more than one act of alleged negligence, he need not establish all of the alleged acts to recover. The jury was instructed that Conyers Toyota could be found liable based on three independent acts of negligence. We must agree

that, as worded, the charges at issue could possibly have been construed by the jury to mean that Southern Bell could not prevail unless more than one of these alleged acts of negligence had been committed. Upon any retrial of this case, the jury should be instructed in such a way so as to eliminate any confusion on this issue.

4. In its cross-appeal, Conyers Toyota contends that the trial court erred in refusing to direct a verdict in its favor with respect to the theory that it had negligently allowed a dangerous condition to exist on the premises. In the alternative, it contends that the court erred in its instructions to the jury on this issue. With regard to the denial of the motion for directed verdict, the evidence showed that Conyers Toyota was fully aware of the alleged hazard created by the placement of the guy wire and had undertaken to guard against that hazard by taking such precautions as parking cars around the guy wire and warning customers to avoid it. In addition, there was evidence that the company was aware that the wire had been struck by an automobile on its lot prior to the incident in question. Based on this evidence, we hold that the trial court did not err in denying the company's motion for directed verdict on this theory of liability. See generally *McKinney & Co. v. Lawson*, 180 Ga. App. 550 (349 SE2d 763) (1986).

5. Nor did the trial court err in charging the following principle of law from the Restatement of the Law, 2d, Torts, § 364 (c): "[A] possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm if the condition is created by a third person without the possessor's consent or acquiescence, but reasonable care is not taken to make the condition safe after the possessor knows or should know of it." See *Black v. City of Cordele*, 163 Ga. App. 322 (293 SE2d 557) (1982) (where Section 364 of the Restatement was relied upon as authority for the principle that although a landowner may have no legal right to remove a hazard created by a third party, he may nevertheless be held liable for failing to exercise reasonable care and diligence to protect others from the danger presented thereby).

6. Contending that it was unaware of the potential hazard created by the guy wire, Conyers Toyota further contends that the trial court erred in charging the following language from Section 366 of the Restatement of the Law, 2d, Torts: "[O]ne who takes possession of land upon which there is an existing structure or other artificial condition unreasonably dangerous to persons or property outside of the land is subject to liability for physical harm caused to them by the condition after, but only after[,] the possessor knows or should know of the condition, and he knows or should know that it exists without the con-

sent of those affected by it, and he has failed after a reasonable opportunity to make it safe or otherwise to protect such persons against it." As we have held that there was evidence from which it could be inferred that Conyers Toyota knew or should have known of the alleged hazard presented by the guy wire, we hold that there was sufficient evidence to authorize the foregoing charge.

7. Conyers Toyota additionally contends that the trial court erred in charging the following language from Section 368 of the Restatement of the Law, 2d, Torts: "A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway, that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to such persons who are traveling on the highway." The Georgia Supreme Court, in *Intl. Paper Realty Co. v. Bethune*, 256 Ga. 54 (344 SE2d 228) (1986), has approved the principle set forth in this section of the Restatement, holding that a landowner has a duty to guard the safety of those who may be injured by an artificial condition which he has caused to be created or maintained on his land near a public way. However, in the present case it is apparent from the evidence of record that Conyers Toyota did not create or maintain the utility pole and had no power to remove it. Consequently, we conclude that Section 368 of the Restatement was inapplicable to the present situation and that the court erred in charging its provisions.

*Judgments reversed. Birdsong and Beasley, JJ., concur.*

DECIDED FEBRUARY 28, 1989 —
REHEARING DENIED MARCH 16, 1989 —

Kilpatrick & Cody, Matthew H. Patton, Alan R. Perry, Jr., J. Stephen Parker, for appellant.

Fain, Major & Wiley, Donald M. Fain, Richard Kopelman, Mark D. Belcher, for appellee.

