## A91A0615. TATE v. BRUNO'S, INC./FOOD MAX.
### (408 SE2d 456)

ANDREWS, Judge.

Tate appeals the trial court's denial of her claim for workers' compensation benefits under OCGA § 34-9-1 on the basis that her injury did not arise out of and in the course of her employment.

Tate was employed at a Food Max store which was located on one end of a plaza shopping center. The shopping center parking lot,

which was adjacent to the Food Max store on one side and was bordered on the other side by a road, was available for both public and employee use.

On October 16, 1989, Tate parked her car close to the street in one of the spaces farthest from the store. She worked her shift, completed her work and clocked out, and walked directly from the Food Max store to her car. She started her car, let it warm up for a few minutes, and began to back out of her parking space. Before she had traveled one car length, a truck collided with her vehicle. Approximately ten minutes elapsed between her clocking out of Food Max and the accident.

Food Max did not own the parking lot in which the accident occurred and did not direct, control or maintain the lot. The parking lot was used by patrons and employees of all the shopping center stores. No specific parking spaces were reserved for Food Max employees, though the employees customarily parked in the lot and Food Max provided no other parking facility for them. The board found that Food Max employees were reasonably expected to use the parking lot and were directed to park farther from the store to allow customers to use the closer parking spaces.

The ALJ denied Tate's workers' compensation claim on the basis that the accident was not in the course of her employment. The full board reversed the ALJ, holding that Tate was entitled to the benefits. The superior court reversed the board and denied Tate's claim for benefits. From this ruling, Tate appeals.

1. In order to determine whether the injury in this case arose out of, or in the course of employment so as to entitle Tate to benefits, it is necessary to examine the two competing applicable principles here. First, there is the general rule that injuries sustained by an employee while going to or from work are not compensable. *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823 (162 SE2d 226) (1968). On the other hand, it is well-settled that "[t]he period of employment generally includes a reasonable time for ingress to and egress from the place of work, *while on the employer's premises*." (Emphasis supplied.) *Knight-Ridder Newspaper &c. v. Desselle*, 176 Ga. App. 174, 175 (335 SE2d 458) (1985). The latter rule is "predicated on the rationale that until the employee has actually departed the premises, he has not 'started traveling a route of (his) choosing wholly disconnected with (his) employment.' [Cits.]" *Southern Bell Tel. &c. Co. v. Conyers Toyota*, 190 Ga. App. 792, 793 (380 SE2d 296) (1989).

The intersection of these competing principles has led to the development of an exception to the general rule that going and coming from work is not a compensable event. That carved exception provides that when an employee is injured in, or going to and from, a parking lot *which is owned or maintained by the employer*, the inci-

dent is compensable under workers' compensation since the injury arose during the employee's ingress or egress from employment. See, e.g., *Federal Ins. Co. v. Coram*, 95 Ga. App. 622, 624 (98 SE2d 214) (1957); *Labelle v. Lister*, 192 Ga. App. 464 (385 SE2d 118) (1989).

Providing workers' compensation coverage for employee injuries in, or going to and from, parking lots which are owned or maintained by the employer, is a logical application of the rule that an injury occurring during working hours on the employer's premises is a compensable event. See, e.g., *Miles v. Brown Transport Corp.*, 163 Ga. App. 563 (294 SE2d 734) (1982). In *Federal Ins. Co.*, supra, which involved a parking lot injury, this Court explained: "[w]e think this situation is analogous to one where the employee first reports to one part of the employer's premises for instructions, assignment, clock punching, drawing tools, etc. and then must proceed to another portion of the premises to begin his actual duties." *Federal Ins. Co.*, supra at 624. In other words, where the parking lot is part of the employer's premises, then employee injuries which occur in, or going to and from such parking lot, are handled no differently from those which happen in other parts of the work place. See *Federal Ins. Co.*, supra; see generally *U. S. Casualty v. Russell*, 98 Ga. App. 181 (105 SE2d 378) (1958); *Dept. of Human Resources v. Jankowski*, 147 Ga. App. 441 (249 SE2d 124) (1978); *Knight-Ridder*, supra; *West Point Pepperell v. McEntire*, 150 Ga. App. 728 (258 SE2d 530) (1979).

The rationale which has allowed compensation for injuries which occur in, or going to or coming from, parking lots which are owned, maintained or controlled by the employer does not extend so far as to allow coverage when workers' compensation benefits are claimed for an injury which occurred in a public parking lot which was neither owned, controlled, nor maintained by the employer. In this situation, the public parking lot is not part of the employer's premises and the rationale which allowed recovery in *Federal Ins. Co.*, supra, and the cases above, does not apply.

We do not believe that the provisions of OCGA § 34-9-1 were intended to afford compensation to injuries of employees in public parking lots. Therefore, in this situation, we will follow the general rule that injuries sustained en route to or from work are not compensable. See generally *Federal Ins. Co. v. Horner*, 148 Ga. App. 15 (251 SE2d 26) (1978); *Corbin v. Liberty Mut. Ins. Co.*, supra. The superior court was correct in denying Tate's claim for benefits.

2. In Tate's second enumeration of error, she claims that the superior court erred in substituting its findings of fact for the findings of fact of the board. OCGA § 34-9-105. We find that this enumeration of error is without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

398

DECIDED JUNE 27, 1991 —
RECONSIDERATION DENIED JULY 10, 1991 — 

*Dozier, Akin, Lee & Graham, Neal B. Graham,* for appellant.
*Martin, Snow, Grant & Napier, R. Napier Murphy,* for appellee.