A92A1593. PEOPLES v. EMORY UNIVERSITY.
(424 SE2d 874)

McMURRAY, Presiding Judge.

Darrell A. Peoples, the claimant in this workers' compensation case, was employed as a janitor at Emory Law School. One Sunday morning he traveled to work on his bicycle and after he passed the law school building on the way to another building, where he was to sign in and obtain keys to the law school building, he was distracted and permitted a bag to become caught in the spokes of his bicycle wheel. Claimant was injured in the crash that followed. The crash site was a street owned by Emory University and patrolled by Emory University police, albeit the street was usually open to travel by the public.

Employer Emory University denied workers' compensation coverage contending that the injury did not arise out of and in the course of claimant's employment. The administrative law judge awarded benefits but this decision was overturned by a majority of the full board which denied claimant's claim for benefits. After the board's award was affirmed by operation of law, claimant made application to this court for discretionary appeal and obtained permission to file this appeal. *Held*:

The administrative law judge's award was predicated on the ingress and egress rule, that is, that the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises. *Tate v. Bruno's/Food Max*, 200 Ga. App. 395, 396 (1) (408 SE2d 456); *Crawford v. Meyer*, 195 Ga. App. 867 (395 SE2d 327); *Labelle v. Lister*, 192 Ga. App. 464, 465 (1) (385 SE2d 118); *Southern Bell Tel. &c. Co. v. Conyers Toyota*, 190 Ga. App. 792 (1), 793 (380 SE2d 296); *West Point Pepperell v. McEntire*, 150 Ga. App. 728, 729 (1) (258 SE2d 530); *Department of Human Resources v. Jankowski*, 147 Ga. App. 441, 442 (2) (249 SE2d

124).

The board concluded that the injury cannot be said to have arisen out of and in the course of employment because it did not occur within the period of work or in a place where claimant may reasonably have been during the performance of his work. This holding cannot be reconciled with the above cases and must be viewed as erroneous. A compensable injury may occur outside the period of work and in a place the employee will never be during the performance of his work. Accord *Maxwell v. Hosp. Auth. of Dade, Walker & Catoosa Counties*, 202 Ga. App. 92 (413 SE2d 205).

For purposes of the ingress and egress rule, an employer's premises is real property owned, maintained, or controlled by the employer. Accord *Tate v. Bruno's/Food Max*, 200 Ga. App. 395, 396 (1), 397, supra. For this reason the employer's reliance on *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823 (162 SE2d 226), is misplaced. In *Corbin* an employee of a contractor involved in certain construction for the City of Gainesville was injured on a city owned road which provided the only access between the construction site and the main highway, yet there is no suggestion in that decision that the contractor employer owned, maintained or controlled the city owned access road. Therefore, this court was correct in holding that the employee had been injured after leaving the "premises" where work was being done and in affirming the denial of compensation.

It is fundamental that an injury compensable under our workers' compensation law is one that arises out of and in the course of employment. OCGA § 34-9-1 (4). The ingress and egress rule is merely an application of this principle. See *West Point Pepperell v. McEntire*, 150 Ga. App. 728, 729 (1), supra, and *DeHowitt v. Hartford Fire Ins. Co.*, 99 Ga. App. 147 (5) (108 SE2d 280). The ingress and egress rule is " 'predicated on the rationale that until the employee has actually departed the premises, he has not "started traveling a route of (his) choosing wholly disconnected with (his) employment." (Cits.)' *Southern Bell Tel. &c. Co. v. Conyers Toyota*, 190 Ga. App. 792, 793 (380 SE2d 296) (1989)." *Tate v. Bruno's/Food Max*, 200 Ga. App. 395, 396 (1), supra.

In the case sub judice, it is uncontroverted that when injured, claimant was traveling a path dictated by his job. Claimant had already passed the law school building where he would have labored that day in order to travel to another building to sign in and obtain keys. Claimant was clearly involved in conduct arising out of and in the course of his job, the ingress to his job.

Employer owned the street upon which claimant was injured. The fact that the site of the injury was a street does not preclude it being a portion of the premises. *Chandler v. General Accident Fire &c. Corp.*, 101 Ga. App. 597 (114 SE2d 438). Nor does such a result

arise from the fact that the site of the injury was open to public use. Many businesses hold their premises open to the public for various reasons. Also, employer has the right to bar the public from the street in question and sometimes exercises that right by closing the street for various university functions.

We are not persuaded by the foreign jurisdiction cases cited by employer for the proposition that premises do not include streets owned by employers. These cases are distinguishable on the facts and generally relate to the peculiar problem of applying the ingress and egress rule where an employee of a governmental entity is injured on a street owned by his employer and located some great distance from the employee's work site. In our view, such cases relate to the concepts of ingress and egress, rather than to the boundaries of the premises.

Finally, there is no suggestion in the case sub judice that claimant expended more than a reasonable time in the ingress to his job. The uncontroverted evidence shows that claimant's injuries arose out of and in the course of his employment. The administrative law judge's award should have been upheld and the holding of the board denying employee's claim for benefits should have been reversed. *Department of Human Resources v. Jankowski*, 147 Ga. App. 441, 442 (2), supra.

*Case remanded for proceedings not inconsistent with this Court's holding. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 6, 1992.

*Gary M. Kazin*, for appellant.
*Robert J. Routman*, for appellee.