## A93A0457. CITY OF ATLANTA v. SPEARMAN.
### (434 SE2d 87)

ANDREWS, Judge.

We granted the City of Atlanta's application for discretionary appeal to review the order of the superior court affirming the full board's adoption of the administrative law judge's award of workers' compensation benefits to Spearman.

The injury at issue occurred on December 3, 1990, as Spearman was on her way to work at City Hall. She parked her car in the Garden Room Parking Garage, about a block from City Hall. She fell and injured herself in the parking lot and filed a claim for workers' compensation benefits.

The parking garage in which Spearman fell is managed, operated, and controlled by the Georgia Building Authority, and the City is provided 100 spaces for its employees' use. There was evidence that the City deducted $20 a month from Spearman's paycheck for the space; the City then made a lump sum payment to the GBA for the spaces. This arrangement was for the GBA's convenience and replaced the previous system whereby each employee paid for his own parking.

The ALJ found that the City leased 100 spaces in the parking lot from the State for the use of its employees, that the City maintained control over the allocation of those parking spaces, and that the City furnished the lot for the use of its employees. The ALJ stated: "[t]he fact that the City of Atlanta did not own that facility is immaterial, as long as they maintained direction and control over the employee's use of the facility and furnished it for the use of their employees, as they did in this case." The ALJ also found that the employer's defense that it had no notice of the claim was without merit. Thus, relying on *Knight-Ridder Newspaper Sales v. Desselle,* 176 Ga. App. 174 (335 SE2d 458) (1985), the ALJ ruled that the injury arose out of and in the course of Spearman's employment and awarded benefits. The board adopted the findings of fact and conclusions of law of the ALJ and awarded benefits and the superior court affirmed.

1. In the City's first four enumerations of error, it argues that the superior court erred by misinterpreting the terms "maintain" and "control" in the context of a parking lot; in holding that Spearman's injuries occurred on premises of the City; and in finding that the City maintained and controlled the lot.

We agree. In *Tate v. Bruno's, Inc.*, 200 Ga. App. 395 (408 SE2d 456) (1) (1991), this court explained the parking lot exception to the general rule that an employee going and coming from work is not a compensable event for purposes of workers' compensation. "That carved exception provides that when an employee is injured in, or going to and from, a parking lot *which is owned or maintained by the employer*, the incident is compensable under workers' compensation since the injury arose during the employee's ingress or egress from employment. [Cits.]" *Tate*, supra at 396-397.

"The rationale which has allowed compensation for injuries which occur in, or going to or coming from, parking lots which are owned, maintained or controlled by the employer does not extend so far as to allow coverage when workers' compensation benefits are claimed for an injury which occurred in a public parking lot which was neither owned, controlled, nor maintained by the employer." *Tate*, supra at 397. Where the parking lot is neither owned, controlled, nor maintained by the employer, the lot is not part of the employer's premises and the rationale which allows recovery of workers' compensation benefits does not apply.

In *Tate*, the parking lot in which the employee fell was a shopping center public lot which was neither owned, directed, controlled nor maintained by the employer. Nevertheless, the employees were directed to park away from the store to allow customers the closer parking spaces. Despite this instruction, this court determined that the provisions of OCGA § 34-9-1 were not intended to afford compensation to employees injured in public parking lots and concluded that the superior court's denial of benefits was proper. Compare *Peoples v. Emory University*, 206 Ga. App. 213 (424 SE2d 874) (1992).

We conclude that the award of benefits here was improper. The ALJ mistakenly equated the City's control over the allocation of the parking spaces with control and direction over the parking lot itself. Although there was evidence that the City maintained a list of 100 employees selected to park in the lot, there was no evidence that the City *owned, operated, or controlled* the lot. Because of this, the court erred in finding that the accident arose out of and in the course of her employment. Compare *Knight-Ridder*, supra (parking lot in which employee fell was leased by the employer, and under the direction and control of the employer and thus award was proper). *Department of Human Resources v. Jankowski*, 147 Ga. App. 441 (249 SE2d 124) (1978), is not controlling since here Spearman is employed by the

City, and not by the state. Compare *Fed. Ins. Co. v. Coram*, 95 Ga. App. 662 (98 SE2d 214) (1957); *U. S. Cas. Co. v. Russell*, 98 Ga. App. 181 (105 SE2d 378) (1958).

2. The City argues that the superior court erred in holding that it owed attorney fees for defending the case without reasonable grounds, pursuant to OCGA § 34-9-108 (b) (1). OCGA § 34-9-108 (b) (1) provides that "[u]pon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds, the administrative law judge or the board may assess the adverse attorney's fee against the offending party." As a matter of law, we find that the City's defense that the injury did not arise out of Spearman's employment was not unreasonable and that the award of attorney fees regarding this defense was improper. See generally *Goode Bros. Poultry Co. v. Kin*, 201 Ga. App. 557, 561 (2) (411 SE2d 724) (1991).

The City does not argue that the defense regarding the claimant's notice was reasonable, but argues that because its other argument was reasonable, the award of attorney fees was improper. Given the facts of this case, we agree. OCGA § 34-9-108 (b) (1) provides that attorney fees may be awarded when a case has been defended in whole, *or in part, upon unreasonable grounds*. We are unaware of any cases in which the employer's defense prevailed and the employee was awarded attorney fees for an unreasonable defense.

Although it is conceivable that this result could lie under the statute, here the City's defense of the claim was, as a matter of law, reasonable. Most obviously, the City prevailed in its defense and its controverting Spearman's claim was not without reasonable grounds. See *Whitaker v. Fieldcrest Mills*, 174 Ga. App. 533 (2) (330 SE2d 761) (1985); compare *West Point Pepperell v. Gordon*, 163 Ga. App. 837 (3) (296 SE2d 155) (1982). The employer's notice defense, which the ALJ found was also unreasonable was not vigorously pursued by the employer — there was no mention of this defense in the notice to controvert or in any of the written pleadings before the court. In light of these circumstances, we find that the award of attorney fees was improper.

Spearman's request for the first time before this court that the case be remanded because of "newly discovered evidence" is improperly before this court.

*Judgment reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 28, 1993 —
RECONSIDERATION DENIED JULY 21, 1993 —

*Michael V. Coleman, Jo A. Crowder, Charles G. Hicks*, for appel-

lant.

*Dawkins, Serio & Swilley, Harrill L. Dawkins,* for appellee.