## A01A1871. CONNELL v. HEAD.
(559 SE2d 73)

RUFFIN, Judge.

While Evelyn Connell was driving a school bus for the City of Cartersville, she collided with a car driven by Laura Head, a school cafeteria employee. Head sued Connell, who moved for summary judgment, arguing that the negligence claim was barred by the exclusive remedy provision of the Workers' Compensation Act. The trial court denied Connell's motion, and we granted her application for interlocutory appeal. For reasons that follow, we reverse.

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[1] In reviewing a trial court's ruling on a motion for summary judgment, we apply a de novo standard of review, and we view the evidence in a light most favorable to the nonmovant.[2]

So viewed, the record reveals that both Head and Connell worked for the Cartersville School System. On April 13, 1999, Head, who worked in the cafeteria, signed out at approximately 1:35 p.m. and left the building. She walked to her car, which was parked in the school parking lot, and began driving out of the parking lot. A few minutes later, however, Head was hit by a school bus driven by Connell. Evidently, Connell turned left in front of Head, causing the collision. The accident took place on School Drive, which is owned by the City of Cartersville and controlled by the City of Cartersville School System.

Head sued Connell, asserting that Connell was negligent in failing to yield the right of way and seeking damages for injuries she sustained in the collision. Connell moved for summary judgment, arguing that such tort claim was barred by the exclusive remedy pro-

---

[1] See *Wang v. Moore*, 247 Ga. App. 666-667 (544 SE2d 486) (2001).
[2] See id. at 667.

vision in the Workers' Compensation Act. The trial court disagreed, finding that the drive on which the collision occurred

> is a road used by the public lying between two separate schools. . . . [Although] [t]he road is subject to restricted use during school hours[,] [t]he actual location of where the collision . . . occurred is still open to public use, even during school hours. At the time of the collision . . . [Head] had signed out from work, got[ten] in her car, left the parking lot, got[ten] onto School Drive . . . and was leaving the employer['s] premises.

Thus, the trial court concluded that the accident did not arise out of and in the course of Head's employment, and it denied Connell's motion.

Pursuant to OCGA § 34-9-11 (a), "[t]he Georgia Workers' Compensation Act is the exclusive remedy for injuries sustained by an employee during the course of employment from the negligence of a co-worker."[3] If, however, the injury was not caused by an accident arising out of and in the course of employment, then the Workers' Compensation Act provides no remedy and the exclusivity provision does not apply.[4]

As a general rule, accidents that occur while employees are traveling to and from work do not arise out of and in the course of employment.[5] However,

> [t]here are several exceptions to this rule, including where the employer furnishes transportation; or where the employee is doing some act permitted or required by the employer and beneficial to the employer while en route to and from work; or where the employee is going to and from parking facilities provided by the employer; or in instances where an employee is on call and furnishes or is reimbursed for his transportation costs.[6]

Head argues that the collision occurred after she left work and, thus, the Workers' Compensation Act does not apply. She further maintains that no exception would bring this accident within the ambit of the Act. We disagree.

The exception that involves an employee going to and from park-

---

[3] *Cotton v. Bowen*, 241 Ga. App. 543, 545 (2) (524 SE2d 737) (1999).

[4] See *Betts v. MedCross Imaging Center*, 246 Ga. App. 873, 874 (1) (542 SE2d 611) (2000).

[5] See *Harrison v. Winn Dixie Stores*, 247 Ga. App. 6, 7 (542 SE2d 142) (2000).

[6] Id.

ing facilities recognizes that workers must have "a reasonable time for ingress to and egress from the place of work, while on the employer's premises."[7] Under this ingress and egress rule, "[w]here the employee is still on her employer's premises in the act of egressing those premises, . . . then the Workers' Compensation Act does apply."[8] Moreover, "[f]or purposes of the ingress and egress rule, an employer's premises is [the] real property owned, maintained, or controlled by the employer."[9]

Here, it is undisputed that the drive on which the collision occurred was owned by the City of Cartersville and controlled by the Cartersville School System. It also is undisputed that Connell was engaged in school business when the collision occurred. Although Head had already signed out for the day, she had not yet left school property. Under these circumstances, the accident is deemed to have arisen out of and in the course of Head's employment.[10] Contrary to the trial court's conclusion, the mere fact that the accident occurred on a street to which the general public had access does not demand a different result.[11] It follows that the trial court erred in denying Connell's motion for summary judgment.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 10, 2002 —
RECONSIDERATION DENIED JANUARY 25, 2002 — ▮▮▮▮▮▮▮▮▮

*Magruder & Sumner, J. Clinton Sumner, Jr., Susan D. Taylor,* for appellant.

*P. Cole Law,* for appellee.

---

[7] *Peoples v. Emory Univ.*, 206 Ga. App. 213 (424 SE2d 874) (1992).
[8] *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001).
[9] *Peoples,* supra at 214.
[10] See id.
[11] See id. ("The fact that the site of the injury was a street does not preclude it [from] being a portion of the [employer's] premises.").