A04A0509. HILL v. OMNI HOTEL AT CNN CENTER et al.
(601 SE2d 472)

ADAMS, Judge.

Joyce Hill appeals from the order of the superior court affirming the award of the Georgia Board of Workers' Compensation, which denied her request for workers' compensation benefits.

The employer in this case is Omni Hotel at CNN Center in Atlanta.[1] CNN Center is composed of a number of buildings, covering an area approximately four city blocks long. The facility includes Phillips Arena and a MARTA railway station. The middle building of the complex includes the CNN food court, the CNN tower, which is approximately 22 stories high, and the Omni Hotel.

Hill worked for Omni Hotel as a PBX, or telephone, operator. On January 25, 2002, on the way to her job she rode a MARTA train to the CNN Center/World Congress Center station. Hill testified that there are four entrances to the middle building of the CNN center, one on each of the four sides of the building. After exiting the MARTA station, Hill used the entrance closest to the MARTA station to enter the building, the most direct route to her job. As she entered, she asserts that she tripped over a rolled-up carpet just inside the door. This occurred somewhere between 100 and 200 yards from the escalator that provides access to the Omni Hotel itself. It is undisputed that the area where Hill fell was not owned, controlled or maintained by Omni Hotel, but was controlled and maintained by Turner Properties.

---

[1] Zurich American Insurance Company, Omni Hotel's workers' compensation insurer, is also a party to this case.

Based upon these facts, the administrative law judge (ALJ) awarded Hill temporary total disability benefits, medical expenses and attorney fees arising from her fall. In making this award, the ALJ first noted the general rule in Georgia that an employee injured on the employer's premises within a reasonable time of his ingress to, or egress from, work is entitled to workers' compensation benefits, even if he is not working at the time of the injury. See, e.g., *Peoples v. Emory Univ.*, 206 Ga. App. 213 (424 SE2d 874) (1992); *West Point Pepperell v. McEntire*, 150 Ga. App. 728, 729 (1) (258 SE2d 530) (1979).

The ALJ then relied upon the case of *DeHowitt v. Hartford Fire Ins. Co.*, 99 Ga. App. 147 (108 SE2d 280) (1959), to award benefits. The employee in that case apparently suffered an injury as he proceeded through one of two entrances into a multi-tenant building, of which his employer was one tenant. This Court held that where a multi-tenant building has only two ways of ingress and egress, each tenant-employer's premises is extended to include both ways for purposes of determining the employer's liability under the workers' compensation laws:

> Where the employer's place of business is located in a building of which it occupies only a part, and two ways through the building are the only means of ingress and egress to and from such place of business, both ways are parts of the employer's premises within the meaning of the workmen's compensation law.

Id. at 148 (7).

The ALJ concluded that *DeHowitt* was more on point than any other case in Georgia and interpreted the holding in that case to be that an employee's injury sustained while ingressing into the employer's office is compensable, even if the employer occupies only a part of the building and there is more than one way through the building to the employer's location.

The State Board of Workers' Compensation reversed the ALJ's award, however, distinguishing *DeHowitt* on two grounds. First, the Board found that only two businesses occupied the building where the employee was injured, although we find no support for that distinction in the *DeHowitt* opinion itself. Second, the Board distinguished *DeHowitt* on the ground that the CNN Center had multiple entrances, instead of just two, and the principal entrance into the Omni was through the hotel's motor lobby off Marietta Street, rather than through the CNN Center. But the primary factor the Board relied upon for distinguishing *DeHowitt* was the fact that the record in this case clearly showed that the Omni did not own, maintain or control the premises where Hill was injured.

In noting this factor, the Board relied upon a line of workers' compensation cases where the employee's injury occurred in connection with a parking lot. The Board noted that workers' compensation benefits have been awarded for injuries occurring in, going to or coming from, parking lots that are part of the employer's premises. See *Knight-Ridder Newspaper Sales v. Desselle*, 176 Ga. App. 174, 175 (335 SE2d 458) (1985); *West Point Pepperell v. McEntire*, 150 Ga. App. at 729 (2); *Dept. of Human Resources v. Jankowski*, 147 Ga. App. 441, 442 (1) (249 SE2d 124) (1978); *United States Cas. Co. v. Russell*, 98 Ga. App. 181, 185 (105 SE2d 378) (1958); *Federal Ins. Co. v. Coram*, 95 Ga. App. 622, 624 (98 SE2d 214) (1957). The Board also noted that compensation for such injuries depends upon the employer's ownership, maintenance or control of the parking lot, and that such a rationale does not apply to injuries arising in a public parking lot:

> We note that the rationale which has allowed compensation for injuries which occur in, or going to or coming from, parking lots which are owned, maintained or controlled by the employer does not extend so far as to allow coverage when workers' compensation benefits are claimed for an injury which occurred in a *public area* (i.e. a public parking lot) which was neither owned, controlled nor maintained by the employer. See *Tate v. Bruno's, Inc./Food Max*, 200 Ga. App. 395 (408 SE2d 456) (1991).

(Emphasis in original.)

Thus, the Board concluded that the primary question to consider is whether Hill's injury occurred on her employer's premises or premises controlled by her employer. Because the injury in this case did not occur on the Omni's premises or premises controlled by the Omni, the Board concluded that Hill's injuries were not compensable.

Here, because the relevant facts are not in dispute, and because Hill contends that the Board applied an erroneous theory of law to the facts, we apply a de novo standard of review:

> In the absence of legal error, the factual findings of the State Board of Workers' Compensation must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

(Citations and footnotes omitted.) *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

The general rule in this state is that accidents that occur while employees are traveling to and from work do not arise out of and in the course of employment and thus are not compensable under the Workers' Compensation Act. *Connell v. Head*, 253 Ga. App. 443, 444 (559 SE2d 73) (2002). But under the "ingress and egress" rule, where an employee is injured *while still on the employer's premises* in the act of going to or coming from his or her workplace, the Act does apply. *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001). "The latter rule is predicated on the rationale that until the employee has . . . departed the premises, he has not started traveling a route of his choosing wholly disconnected with his employment." (Citation and punctuation omitted.) *Tate v. Bruno's, Inc./Food Max*, 200 Ga. App. at 396 (1). And from these principles has arisen the parking lot rule discussed by the Board, which allows compensation where an employee is injured in, going to or coming from, a parking lot that is owned or maintained by the employer. Id. at 396-397 (1). Thus, the parking lot rule, in effect, extends the employer's premises to include parking lots that are owned, maintained and controlled by the employer. Id. at 397 (1).

With these principles in mind, we must determine whether Hill could be considered to be on her employer's premises when she sustained her injury. Although the ALJ found the *DeHowitt* case, which effectively extended the employer's premises to include the only two means of ingress or egress into a building, to be the most similar to the facts of this case, we disagree. We find that this case is more analogous to *Tate v. Bruno's, Inc./Food Max*, 200 Ga. App. at 396-397 (1), relied upon by the Board. Tate was employed by the Food Max store at one end of a plaza shopping center, which was bordered by a parking lot used by plaza employees and the public alike. Tate was injured as she was leaving work and a truck collided with her car as she backed out of a parking space in the public lot. Food Max, her employer, did not own, maintain or control the parking lot. Nor did the employer designate certain parking spaces for the employees' use. Nevertheless, the employees routinely used the parking lot to travel to and from work. Id. at 395-396. In affirming the denial of Tate's workers' compensation benefits, this Court declined to extend the parking lot rule to public parking areas that are neither owned, maintained nor controlled by the employer. In such a situation, the Court found that "the public parking lot is not part of the employer's premises." Id. at 397 (1).

Here, the CNN Center is more analogous to the plaza shopping center than the building described in *DeHowitt*. The area in which the employee was injured in *DeHowitt* was more circumscribed than the food court/mall area of the CNN Center in which Hill fell. *DeHowitt* had only two means of egress and ingress to the entire building, and

thus to the place of employment. In contrast, the entry used by Hill was but one of multiple entrances to the CNN Center. And the Omni employees were not required to walk through the CNN Center at all to access the hotel as it had its own entrance through the motor lobby off Marietta Street. Further, in *DeHowitt*, there is no discussion of the extent that the public was invited to use the area or of whether the employer had any rights under the lease to control or any responsibility to maintain the area at issue.

We find that the food court/mall area of the CNN Center was more analogous to the shopping center parking lot in *Tate*. The area provided access to a number of restaurants, shops and businesses for both the public and CNN Center employees. For example, Hill fell near a fast food restaurant located at the entrance to the Center, which was freely accessible to public and employees alike. And, as in *Tate*, it is clear from the record that the Omni did not own, control or maintain the food court/mall area where Hill fell and thus it was not a part of the employer's premises.

Although Hill takes issue with applying "parking lot cases" such as *Tate* to an injury that occurred inside a building, we see no reason to draw such a distinction. The issue is not whether the injury occurred inside or outside, but whether the employer owned, controlled or maintained the area of injury so as to make it a part of its premises. To distinguish strictly on the basis of whether the injury occurred inside or outside could furnish the anomalous result that an employee of a facility such as the CNN Center would not be compensated for injuries sustained in the adjacent public parking lot, but would be compensated for injuries sustained inside, even though the employer had no ownership, maintenance or control of either area. We see no logical basis for such a result. And this is especially true in this case where the employee was not required to travel through the area of injury to arrive at her job, as was the case in *DeHowitt*.

Accordingly, we find that the superior court correctly affirmed the award of the Georgia Board of Workers' Compensation.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED JUNE 28, 2004.

*Morse & Ontal, Jack O. Morse,* for appellant.
*Goodman, McGuffey, Lindsey & Johnson, C. Wade McGuffey, Jr.,* for appellees.