**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A1396. SMITH et al. v. CAMARENA et al.

McFADDEN, Chief Judge.

Fabiola Zavaleta-Ramirez was shot and killed in the parking lot outside a grocery store where she was employed. This appeal concerns tort claims asserted by her mother and by the administrator of her estate against the store and several persons who owned or managed it. Those defendants moved for summary judgment on the sole ground that the tort claims concerned an injury that was compensable under the Workers' Compensation Act ("the Act") and so were barred by the Act's exclusive remedy provision. The trial court granted summary judgment on that ground, and the plaintiffs appealed. We find that a genuine issue of material fact exists as to whether Zavaleta-Ramirez's death was a compensable injury under the Act. So we reverse.

1. *Facts.*

"On appeal from an order granting or denying summary judgment, we conduct a de novo review, construing the evidence and all reasonable conclusions and inferences drawn therefrom in the light most favorable to the nonmovant." *State Farm Automobile Mut. Ins. Co. v. Todd*, 309 Ga. App. 213, 213-214 (1) (709 SE2d 565) (2011) (citation and punctuation omitted).

So viewed, the record shows that on the evening of February 7, 2015, as the grocery store was closing, Zavaleta-Ramirez clocked out and left the store. She remained in the parking lot talking with a co-worker, Martha Illan, about matters unrelated to work. Illan sat in a parked car with her husband; Zavaleta-Ramirez was standing in the parking lot.

That parking lot was owned and controlled by the store's landlord. It was open to the public, and served several businesses in the same shopping center.

As the women were talking, another car approached. Two men got out. One of them, wearing a mask, pointed a gun at Zavaleta-Ramirez, Illan, and Illan's husband and demanded their purses and wallet.

Meanwhile defendant Ricardo Maldonado-Peña, an assistant manager, had locked the store and gotten into a van with his wife. As she began to drive out of the

parking lot, he spotted the robbery in progress. He told her to stop the van, got out, and yelled at the robbers to stop.

One of the robbers turned and fired at Maldonado-Peña, striking the van. Maldonado-Peña, who was armed, returned fire. There were more shots, and Maldonado-Peña took cover behind the open door of the van. The robbers jumped back into their car and fled.

Zavaleta-Ramirez was shot during the exchange of gunfire.

2. *Evidence that the store did not own, maintain, or control the parking lot precludes the grant of summary judgment pursuant to the exclusive remedy provision of the Workers' Compensation Act.*

The trial court granted summary judgment to the defendants against the plaintiffs' tort claims on the ground that the claims are barred by the exclusive remedy provision of the Workers' Compensation Act, which pertinently provides that

> [t]he rights and the remedies granted to an employee by [the Act] shall exclude and be in place of all other rights and remedies of such employee, his or her personal representative, parents, dependents, or next of kin, and all other civil liabilities whatsoever at common law or otherwise, on account of such injury, loss of service, or death.

OCGA § 34-9-11 (a). Under this provision, if Zavaleta-Ramirez's death is compensable under the Act, then the plaintiffs cannot pursue their tort action. Id.

"Generally, an injury is compensable [under the Act] only if it arises out of and in the course of the employment. The test presents two independent and distinct criteria, and an injury is not compensable unless it satisfies both." *Mayor & Aldermen of Savannah v. Stevens*, 278 Ga. 166 (1) (598 SE2d 456) (2004). See OCGA § 34-9-1 (4). See also *Kil v. Legend Bros.*, 350 Ga. App. 680, 681 (830 SE2d 245) (2019). If there is a genuine issue of material fact as to either requirement, then there is a genuine issue of material fact as to the injury's compensability under the Act and, therefore, the applicability of the Act's exclusive remedy rule. So a genuine issue of material fact as to either the "arising out of" requirement or the "in the course of" requirement will preclude summary judgment.

In their motion for reconsideration of the trial court's summary judgment order, the plaintiffs conceded that the evidence satisfies the "arising out of" requirement, so we do not address that requirement here. But, as detailed below, we agree with the plaintiffs that a fact question exists as to the "in the course of" requirement because there is evidence showing that Zavaleta-Ramirez was shot while off duty in a location that was not owned, maintained, or controlled by her employer.

4

The "in the course of" requirement "refers to time, place[,] and circumstances under which the accident took place." *DeKalb Collision Center v. Foster*, 254 Ga. App. 477, 482 (1) (562 SE2d 740) (2002). An injury is in the course of employment if it occurs "within the period of employment at a place where the employee reasonably may be in the performance of his duties while he is fulfilling his duties or engaged in something incidental thereto." Id. Accord *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 854-855 (642 SE2d 841) (2007). Conversely, "[a]n injury that occurs during a time when the employee is off duty and is free to do as he or she pleases and when the employee is not performing any job duties is not compensable under the [Act]." *Stokes v. Coweta County Bd. of Ed.*, 313 Ga. App. 505, 509 (722 SE2d 118) (2012).

It is undisputed that Zavaleta-Ramirez was not on duty when the shooting occurred. She had ended her shift at the store and was standing outside, talking with another person about non-work matters. Nevertheless, the defendants argue that she was still within her period of employment under the "ingress/egress" rule, which provides that "the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises." *Peoples v. Emory Univ.*, 206 Ga. App. 213 (424 SE2d 874) (1992). For purposes of

5

this rule, the employer's premises means "real property owned, maintained, or controlled by the employer." Id. at 214. So "when an employee is injured in, or going to and from, a parking lot which is owned or maintained by the employer, the incident is compensable under workers' compensation since the injury arose during the employee's ingress or egress from employment." *Tate v. Bruno's, Inc./Food Max*, 200 Ga. App. 395, 396-397 (1) (408 SE2d 456) (1991) (emphasis omitted). This "parking lot rule, in effect, extends the employer's premises to include parking lots that are owned, maintained[,] and controlled by the employer." *Hill v. Omni Hotel at CNN Center*, 268 Ga. App. 144 (601 SE2d 472) (2004). But it "does not extend so far as to allow coverage . . . for an injury which occurred in a public parking lot that was neither owned, controlled, nor maintained by the employer." *Tate*, supra at 397 (1). See *City of Atlanta v. Spearman*, 209 Ga. App. 644, 645 (1) (434 SE2d 87) (1993) ("Where the parking lot is neither owned, controlled, nor maintained by the employer, the lot is not part of the employer's premises and the rationale which allows recovery of workers' compensation benefits does not apply.").

As some of the defendants concede in their appellate brief, the application of the ingress/egress rule "requires a factual inquiry into whether the location at which the injury occurred constituted a portion of the [employer's] business premises." And

6

a jury could find from the evidence in this case that the shooting did not occur on the store's premises because the store did not own, maintain, or control the parking lot where the shooting occurred. The parking lot served businesses other than the store, as shown by the terms of the store's lease, which described the parking lot as a common area that was "provided by the Landlord for the common or joint use and benefit of all tenants of the shopping center, their employees, agents, customers and other invitees[.]" The lease provided that the store could use the parking lot pursuant to a revocable license, but that the parking lot was "at all times . . . subject to the exclusive control and management of Landlord[.]" The store agreed that it "did not control the parking lot" in its sworn interrogatory answers.

This evidence resembles the facts in *Tate v. Bruno's/Food Max,* supra, 200 Ga. App. 395, in which we held that an employee's injury was not compensable under the Act because it occurred after the end of an employee's shift in a public parking lot that served several businesses in a shopping center and was not owned, controlled, or maintained by the employer. Id. at 396-397 (1). At the least, this evidence raises a fact question as to whether the defendants can satisfy the "in the course of" requirement, so it precludes them from obtaining summary judgment under the exclusive remedy provision of the Act.

7

We are not persuaded by the several arguments that the defendants offer for the proposition that they are entitled to summary judgment, notwithstanding the evidence that the store did not own, maintain, or control the parking lot. Their main argument focuses on a different principle of workers' compensation law, the "positional risk doctrine," which considers whether an employee's "work brought him within range of the danger by requiring his presence in the locale when the peril struck, even though any other person present would also have been injured irrespective of his employment." *DeKalb Collision Center*, 254 Ga. App. at 480 (1) (citation omitted). The defendants argue that the positional risk doctrine, rather than the parking lot rule discussed above, determines their entitlement to summary judgment.

The flaw in the defendants' positional risk argument is that it addresses whether the injury arose out of Zavaleta-Ramirez's employment, not whether it occurred in the course of that employment. See *Chaparral Boats v. Heath*, 269 Ga. App. 339, 341 (1) (606 SE2d 567) (2004) (positional risk doctrine is "a corollary of the general principles defining what constitutes an accidental injury *arising out of the employment*") (emphasis supplied). As discussed above, these are two distinct requirements, and the failure to show either of them makes an injury noncompensable under the Act. *Mayor & Aldermen of Savannah*, 278 Ga. at 166 (1). The "in the

8

course of" requirement was not an issue in the positional risk cases cited by the defendants, as it is in this case. For example, in *Sturgess v. OA Logistics Svcs.*, supra, 336 Ga. App. 134, the court noted that it was "beyond dispute that [the employee's] death arose in the course of his employment[.]" Id. at 136 (1). In *Dawson v. Wal-Mart Stores*, 324 Ga. App. 604 (751 SE2d 426) (2013), the court noted that the employee "concede[d] that her injuries occurred 'in the course' of her employment." Id. at 606 (1) (footnote omitted). Here, in contrast, the plaintiffs conceded the "arising out of" requirement. They stated in their motion for reconsideration to the trial court that the court "was correct that the facts of this case satisfy the 'arising out of' element of workers['] compensation coverage[.]" So the only issue is whether Zavaleta-Ramirez's death also occurred in the course of her employment. The positional risk doctrine simply does not apply to this question.

In a separate argument in support of the trial court's grant of summary judgment, some of the defendants assert that the ingress/egress exception can apply to injuries in areas where the employer is a leaseholder with non-exclusive access. But they cite to cases with facts that are not analogous to the facts here. *Knight-Ridder Newspaper Sales v. Desselle*, 176 Ga. App. 174, 175 (335 SE2d 458) (1985), a physical-precedent case because one of the panel judges concurred in the judgment

9

only,[1] concerned a parking lot that was leased by the employer and was under the employer's direction and control. *DeHowitt v. Hartford Fire Ins. Co.*, 99 Ga. App. 147 (108 SE2d 280) (1959), concerned the application of the ingress/egress rule to common areas *inside* a building leased to multiple tenants, including the employer. The defendants offer no persuasive argument for why these decisions govern instead of the more factually analogous *Tate*, supra, 200 Ga. App. 395.

Finally, one of the defendants asserts that the plaintiffs' theories of liability depend on the parking lot being a part of the store's premises. This argument appears to address the underlying merits of the plaintiffs' claims, not whether the claims are barred by the exclusive remedy provision of the Workers' Compensation Act. But the trial court granted summary judgment based on the exclusive remedy provision, and the parties have not properly briefed the underlying merits of the claims, so we are not persuaded by this argument to affirm the grant of summary judgment. See generally *City of Gainesville v. Dodd*, 275 Ga. 834, 839 (573 SE2d 369) (2002) (appellate court may decline to affirm grant of summary judgment as "right for any

---

[1] See Court of Appeals Rule 33.2 (a) (1) (opinion decided by three-judge panel is physical precedent only if, among other things, any panel judge concurs in judgment only); former Court of Appeals Rule 35 (b) (1985) (same).

reason" where argument providing basis for affirmance was not properly briefed by all parties on appeal).

In summary, given the evidence showing that the store did not own, maintain, or control the parking lot, a jury would at least be authorized to conclude that Zavaleta-Ramirez's death in an after-work shooting in that parking lot did not occur in the course of her employment, and was thus not compensable under the Act. Consequently, the defendants are not entitled to summary judgment under the Act's exclusive remedy provision.

3. *Other enumerations of error.*

Because the evidence that the store did not own, maintain, or control the parking lot precludes summary judgment, we need not address the plaintiffs' alternative arguments in opposition to summary judgment, which the plaintiffs assert as separate enumerations of error in their appellate brief.

*Judgment reversed. McMillian, P.J., and Senior Appellate Judge Herbert E. Phipps concur*.