## 11777.  AMERSON *v.* THE STATE.

1. Where, in a trial for murder, the theory of manslaughter is raised by the defendant's statement alone, a charge upon the law of manslaughter is proper.  *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069), and cases cited.

(a) Applying the foregoing principle to the facts of the instant case, it cannot be said, as a matter of law, that the charge upon voluntary manslaughter was unauthorized.

2. The same facts that authorized the charge upon voluntary manslaughter authorized a conviction of that offense.

DECIDED DECEMBER 16, 1920.

Indictment for murder; from Wilkinson superior court — Judge Park. July 12, 1920.

*George H. Carswell, Allen & Pottle,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

LUKE, J. W. H. Amerson was indicted for the murder of Juhan Abogglin and was convicted of voluntary manslaughter. He moved for a new trial upon the usual general grounds, and upon the further ground that the court erred in giving in charge to the jury the law of voluntary manslaughter. That motion being overruled, he brought the case here for review.

The sole contention of counsel for the plaintiff in error before this court was that there was nothing in the sworn testimony, or in the defendant's statement, to authorize a charge upon, or a verdict for, the offense of voluntary manslaughter. The defendant offered no evidence upon his trial, but relied alone upon his statement to the court and jury. His counsel contend here that the sworn testimony, if believed by the jury, demanded a conviction of the offense of murder, and that the statement of the defendant, if it was believed by the jury, demanded an acquittal, on the theory that the homicide was justifiable.

Instead of here setting out the substance of the State's evidence, we may concede, as counsel for the accused now contend, that it tended strongly to establish the offense of murder, as laid in the bill of indictment, and disclosed nothing whatever from which any other theory of homicide might have been deduced. The defendant's statement, however, in so far as it related to the scene of the killing, was as follows: " Going by this man Abogglin's house he hollered to me, and I stopped. And he got pretty near me with his hoe and raised his hoe up and said, ' Ain't you going to stop coming by here two or three different times,' and I says, ' What in the world is the matter with you? You have never told me to quit coming by here.' And I began to back off from him, kind of walking sideways and backwards like, and I stumbled and fell, and he continued approaching me, and I asked him to stop. I says, ' If you come on me with that hoe, old man, I will have to shoot you;' and I shot him. "

In the first place, if that statement be accepted in its entirety, it contains nothing, nor does the sworn testimony, that requires a finding that the hoe in the hands of the decedent at the time of the shooting was a weapon likely to produce · death; and unless it was such a weapon, the assault which the defendant claims was made upon him would have been a misdemeanor only, and therefore could not have justified the killing. In the next place, the jury were not required to accept or reject the defendant's statement in its entirety, but had the right to accept it in part and reject it in part. So doing, the jury could easily have found that there was (in the language of section 65 of the Penal Code, defining voluntary manslaughter) " some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing ".

It follows, therefore, that the court did not err in giving the instruction complained of, or in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*