33644. HANSON *v.* GLOBE INDEMNITY COMPANY *et al.*

MacINTYRE, P. J. 1. In order for an injury to be compensable under the terms of the Workmen's Compensation Act, it must be occasioned "by accident arising out of and in the course of the employment." Code, § 114-102; and

2. Where it appears from the evidence that the employee-claimant sustained her injuries on the employer's premises as the result of the presence on the floor of "some crackers, [which?] looked like icing and something, in some water," near one of the machines in the employer's plant, such injuries do not "arise out of and in the course of the employment," and are not compensable as a matter of law where it further appears that the injuries occurred during the employee's "rest period" when she was on her way to the rest room, the disposition to be made of the rest period being the employee's-individual affair, and this is true, notwithstanding that the employee was to return to work at the end of the fifteen-minute rest period. *Aetna Casualty & Surety Co.* v. *Honea,* 71 *Ga. App.* 569 (31 S. E. 2d, 421); *Gay* v. *Aetna Casualty & Surety Co.,* 72 *Ga. App.* 122 (33 S. E. 2d, 109); *Austin* v. *General Accident, Fire, &c. Corp.,* 56 *Ga. App.* 481 (193 S. E. 86); *Ocean Accident & Guarantee Corp.* v. *Farr,* 180 *Ga.* 266 (178 S. E. 728); and

3. Where, in such circumstances and under the law applicable thereto as has been stated in the foregoing divisions of this opinion, the State Board of Workmen's Compensation finds as a matter of fact that the

180

injuries sustained arose out of and in the course of the employment, the superior court, on appeal, does not err in reversing an award of the board granting compensation.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED DECEMBER 5, 1951. REHEARING DENIED DECEMBER 17, 1951.

*W. E. Harclerode,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.