38178. CHANDLER. *v.* GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION *et al.*

DECIDED APRIL 20, 1960—REHEARING DENIED MAY 9, 1960.

*Greene, Neely, Buckley & De Rieux, Burt De Rieux, John D. Jones,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Herbert A. Ringel,* contra.

FELTON, Chief Judge. In *Travelers Ins. Co.* v. *Smith,* 91 *Ga. App.* 305, 311 (85 S. E. 2d 484) this court, after an exhaustive annotation of cases, concluded that "where . . . the claimant has departed from his employment to go elsewhere to eat his lunch on time given him for that purpose, but where he is returning to his employment and is injured at a place and time where it is necessary for him to be in order to get back to his work station at the time set for him to recommence his duties, the situation is exactly the same as though he were arriving in the morning preparatory to undertaking his day's duties, and the injury must, therefore, be presumed to have arisen out of and in the course of his employment." This principle was further elucidated in *Indemnity Ins. Co.* v. *Westmoreland,* 93 *Ga. App.* 888, 891 (93 S. E. 2d 193) which explained that "where one arriving on the master's premises, at a time and place necessary for him to commence or recommence his duties, or to do things necessary to prepare him to undertake such duties [is injured], there is no

difference in fact between the employee who has arrived in the morning and one who has arrived after his lunch hour, which was free time spent by him on his own affairs." In the case of an employee arriving for work it is well established that "the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises." See *United States Cas. Co.* v. *Russell*, 98 *Ga. App.* 181, 182 (105 S. E. 2d 378) and cases there cited. "The law is well settled in this jurisdiction that a reasonable time must ensue after an employee reaches an employer's premises prior to the time work should begin, and an accident occurring during such time shall be construed as arising out of and in the course of the employment." *DeHowitt* v. *Hartford Fire Ins. Co.*, 99 *Ga. App.* 147 (2) (108 S. E. 2d 280).

Applying these principles to the facts involved in the present case, it is apparent that the claimant, having reached the employer's premises upon her return from supper, was entitled to a reasonable time for ingress to her place of work, and that an accident occurring during such time shall be construed as arising out of and in the course of her employment. The employer and carrier lay great stress on the fact that when the claimant entered the premises she was returning from a purely personal mission and earnestly contend that the denial of compensation must be affirmed under this court's decision in *Employers Liability Assur. Corp.* v. *Woodward*, 53 *Ga. App.* 778 (187 S. E. 142). In *Travelers Ins. Co.* v. *Smith*, 91 *Ga. App.* 305, 310, supra, that case was distinguished on the following grounds: "In the *Woodward* case the claimant had completed her lunch on the premises where it was provided by the hotel by which she was employed, and had returned to her work. After returning to her work and finding that she still had a considerable amount of unexpired lunch hour remaining, she decided to go to the barber shop in the hotel and discuss with her son-in-law, who was employed there, a matter personal to herself. The Board of Workmen's Compensation found as a matter of fact that the employee 'stepped aside from her duties for personal reasons and was injured while returning to the place where she worked' . . . Accordingly, in that case it was held that the return from this

purely personal mission was a part of the mission, which was a mission not contemplated by the contract of employment." In the present case the claimant had not returned to her place of employment and then stepped aside on a personal matter. Here, the claimant had completed her mission of going to supper upon her return to the premises and at the moment of her injury was seeking entry to her place of work. This conclusion is not altered by the fact that the claimant was allowed some latitude in determining the actual minute of her departure for supper and her return therefrom, since it appears that going to supper at a time convenient to her was reasonably contemplated by her employment contract. Furthermore, any deviation occasioned by her visit to the dress shop after leaving the downtown restaurant was ended when she returned to her automobile and started back to the motel. See in this connection *Macon Dairies* v. *Duhart,* 69 *Ga. App.* 91, 96 (24 S. E. 2d 732).

The conclusion of the board that the accident and injury did not arise out of and in the course of employment was therefore erroneous. The superior court erred in affirming the award of the board denying compensation.

*Judgment reversed. Nichols and Bell, JJ., concur.*