46187.   WILKIE v. TRAVELERS INSURANCE
COMPANY et al.

EBERHARDT, Judge. In this workmen's compensation case claimant was injured in a fall while on her way to the restroom on the employer's premises during a ten-minute rest break. The em-

ployer had scheduled, by department, two ten-minute rest breaks each workday, one in the morning and one in the afternoon. A buzzer sounding throughout the location signaled the commencement and end of each break. The breaks were "personal time" and during this period the employees were free to do whatever they wished, including leaving the premises, so long as they were back at their work station at the end of the break. These breaks were included within the eight-hour day for which the employees were compensated, compensation also being provided for sick leave, holidays and vacations. The rest breaks were not the only times that employees could use the restroom; they could go whenever necessary.

On the occasion in question the buzzer signaled the commencement of a rest break, and claimant started up the aisle toward the restroom when she fell over some boards in the aisle and was injured. The only contested issue before the deputy director was whether the injury arose out of and in the course of the employment. Compensation was denied on this basis, and the award was affirmed by the full board, one director dissenting. The superior court likewise affirmed, and claimant appeals. *Held:*

Were this an open question, we might be disposed to hold that time set aside by an employer as a "rest break" and for the performance of functions necessary for the health and comfort of an employee on the job should be considered as incidental to the employment, and that injuries sustained while engaged in such performance should be deemed compensable as arising out of and in the course of employment. However, in "lunch break" and "rest break" cases, both the Supreme Court and this court have laid down the rule that where the employee is free to use the time as he chooses so that it is personal to him, an injury occurring during this time arises out of his individual pursuit and not out of his employment. *Ocean Acc. &c. Corp. v. Farr,* 180 Ga. 266 (178 SE 728); *Austin v. General Acc., Fire &c. Assur. Corp.,* 56 Ga. App. 481 (193 SE 86); *Aetna Cas. &c. Co. v. Honea,* 71 Ga. App. 569 (31 SE2d 421); *Gay v. Aetna Cas. &c. Co.,* 72 Ga. App. 122 (33 SE2d 109); *Hansen v. Globe Indem. Co.,* 85 Ga. App. 179 (68 SE2d 179); *McCord v. Employers*

*Liab. Assur. Corp.,* 96 Ga. App. 35 (99 SE2d 327); *Travelers Ins. Co. v. Mimbs,* 120 Ga. App. 599, 600 (171 SE2d 659). See also *U. S. Fidel. &c. Co. v. Skinner,* 188 Ga. 823 (5 SE2d 9); *Ralph v. Great American Indem. Co.,* 70 Ga. App. 115 (27 SE2d 756). Of course if the employee sustains an injury while conducting the employer's business or following job-related instructions during the "break," the injury is compensable. *American Hardware Mut. Ins. Co. v. Burt,* 103 Ga. App. 811 (120 SE2d 797), where the employee, a delivery boy, was available and subject to instructions for taking and picking up or making deliveries either on his way home or coming back from supper on the employer's motor scooter; *Employers Mut. Liab. Ins. Co. v. Carlan,* 104 Ga. App. 170 (121 SE2d 316), where the employee was en route while on a "rest break" to telephone the employer's personnel department in regard to job assignments, as the employer had instructed him to do. Commenting on these two cases, Dean Feild observes: "In the [*Burt* case], the rule about going to lunch has not been ameliorated as the facts firmly established that 'scooter-time' was 'working-time.' And the same observation may be made as to the *Carlan* case which involved a ten-minute rest period." 14 Mercer L. Rev. 244, 255.

Claimant here points to a union contract which provides that "eight hours, excluding a lunch period, will constitute a standard day's work."[1] It is argued that since the break periods fall within the eight-hour workday, the employer has the right to control the employee's activities during the breaks. While the right to control, as distinguished from exercise of the right, may be indicative of a master-servant relationship, the test utilized by the Supreme Court and this court in the "break" cases is whether the employer has in fact ceased the exercise of the right and released time to the employee to follow his individual pursuits. Compare *Ocean Acc. &c. Corp. v. Farr,* 180 Ga. 266, supra, with *Holman v. American Auto. Ins. Co.,* 201 Ga. 454 (39 SE2d 850). Tests applicable to the master-servant relationship, while perhaps useful to "in the course of" problems, are

---

[1] The contract did not provide for rest breaks. Compare *American Hardware Mut. Ins. Co. v. Burt,* 103 Ga. App. 811, supra.

not controlling in "arising out of" cases. *Ocean Acc. &c. Corp. v. Farr,* 180 Ga. 266, supra. Nor is the fact that the contract indirectly resulted in the employer paying wages during the breaks controlling, as no one would contend that claimant would be covered while on a paid vacation directly provided for by the contract.

Claimant also urges that while she was free to leave the premises if she desired, she could not effectively do so in the ten-minute period allowed, her work station being approximately in the center of the ten-acre premise. This factor is not controlling, however, for in *Ocean Acc. &c. Corp. v. Farr,* 180 Ga. 266, supra, the reason the employee was eating lunch on the job was "Because [he] could not make it to where [he] lived and back to the job on due time [in thirty minutes]." And as we held in *Gay v. Aetna Cas. &c. Co.,* 72 Ga. App. 122, 124, supra: "It would make no difference whether the claimant was injured during a rest period of thirty minutes, or during her lunch period of forty-five minutes or during a lunch time and rest period of three hours, if the claimant was injured while on her own time and while not engaged in any way in her employer's business . . ."

It has also been suggested that the claimant in *Ocean Acc. &c. Corp. v. Farr,* 180 Ga. 266, supra, was not injured on the employer's premises. For whatever bearing that may have on the issue involved, we need only observe that the Supreme Court in that case, referring to *Independence Indem. Co. v. Sprayberry,* 171 Ga. 565 (156 SE 230), stated as follows: "In that *as in the instant case* the claimant *while in the place of her employment* turned to an individual undertaking and suffered the injury." (Emphasis supplied). And in *Holman v. American Auto. Ins. Co.,* 201 Ga. 454, supra, the Supreme Court stated: "In *Ocean Accident & Guarantee Corp. v. Farr,* 180 Ga. 266, 270 (178 SE 728), . . . where an employee customarily brought his lunch and ate it *on the premises,* and during his lunch hour was injured by falling while going down a set of steps *on his employer's premises,* this court sustained a finding by the commissioner that the injury arose in the course of his employment, but not out of it." (Emphasis supplied).

Our conclusion must be that we are bound by *Ocean Acc. &c. Corp. v. Farr,* 180 Ga. 266, supra, and the cases in this court which employ the same rationale, and that the awards and judgment denying compensation must be

*Affirmed. Hall, P. J., and Quillian, J., concur. Whitman, J., not participating.*

ARGUED MAY 7, 1971—DECIDED OCTOBER 28, 1971.

*Albert P. Feldman,* for appellant.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl, Hunter S. Allen, Jr.,* for appellees.