48667. EDWARDS v. LIBERTY MUTUAL INSURANCE COMPANY et al.

Eberhardt, Presiding Judge. Lurene Edwards was employed as a seamstress in a garment factory and was injured July 11, 1972 when she went to the bathroom, not during a scheduled rest break but at an unscheduled time subsequent to the morning break. She testified that at the bathroom "when I sit down, just sit flat down and I went back and worked the rest of that day and then I told my floorlady that night . . . it had got so sore in my back and legs and naturally my hands . . . I have not worked since that time." She further testified that she could not sit at the sewing machine more than just a few minutes at a time because her legs were giving her a great deal of trouble, and that her back was hurting her. She had suffered prior injury to her back in 1971 while working for another employer, and had been hospitalized for it and attended by several doctors. She took her job with Statham Garment Company in November, 1971 and worked for them until the incident on July 11, 1972. During that time her back had bothered her some, but it did not prevent her

from working regularly. She is obese and now spends about half the day in bed, but does do some sewing work at home on pre-cut materials that a fellow employee brings in to her. She is under regular treatment by a chiropractor.

The plant superintendent testified that although the company provided regular scheduled breaks for the employees, if an employee chose not to go on the regular rest break, he could take a break later, and that it was normal for some of the personnel to take their breaks at times other than the scheduled breaks, and that this was generally done because the rest room would be crowded during the scheduled break, or because the employee found it necessary to go to the rest room at a time not included in the scheduled break, and that if this were the case, the employee was free to do so, and it could be done without obtaining permission.

Mrs. Edwards filed her claim for workmen's compensation, and the single director found as a fact that Mrs. Edwards had suffered an injury which arose out of and in the course of her employment, which had aggravated a previous unstable back condition, and awarded compensation. On review the findings and award of the single director were adopted by the full board. On appeal to the superior court the award was reversed and set aside. The only question raised on appeal to this court is whether an injury suffered by an employee on the premises and during an unscheduled break when he or she finds it necessary to go to a rest room is compensable. *Held:*

1. It is well settled in this state that where a scheduled rest break or lunch break is provided to employees during which the employee is free to use the time as he chooses, making it personal to him, an injury occurring during the break period arises out of an individual pursuit and not out of his employment and is not compensable. *Wilkie v. Travelers Ins. Co.,* 124 Ga. App. 714 (185 SE2d 783), and citations.

2. That rule will not be extended to unscheduled breaks under the facts here when the employee finds it necessary to go to the rest room, even though he is permitted to do so without obtaining permission from his supervisor, for the reason that the time is not released to him as free time during which he may do as he will and it cannot be contrued as an altogether personal pursuit, as is the case during scheduled breaks.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

ARGUED OCTOBER 5, 1973 — DECIDED OCTOBER 17, 1973.

*Hudson & Montgomery, David R. Montgomery, Jim Hudson,* for appellant.

*Erwin, Epting, Gibson & Chilivis, E. Davison Burch,* for appellees.