## A00A2433. ROCKWELL v. LOCKHEED MARTIN CORPORATION.

(545 SE2d 121)

MILLER, Judge.

Doris Rockwell sued her employer, Lockheed Martin Corporation, for injuries she sustained when she fell in Lockheed's parking lot. Arguing that Rockwell's claim is barred by the exclusive remedy of the Workers' Compensation Act,[1] Lockheed moved for summary judgment. The trial court agreed and granted Lockheed's motion. Rockwell appeals this grant, and we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2] We apply a de novo standard of review from a grant of summary judgment, and we view the evidence, and all reasonable inferences drawn from it, in the light most favorable to the nonmovant.[3]

So viewed, the evidence showed that while traveling across a walkway on her way to the parking lot for her scheduled lunch break, Rockwell's foot was caught on the handle of a metal dumpster lid causing her to fall, injuring her face, gums, and arm. While Rockwell was in the hospital, she was told by a representative of Lockheed's workers' compensation department that she had no claim for benefits because she had been on her lunch break. Rockwell's former counsel concluded that, based on Lockheed's responses to his request for admissions, Rockwell's injury arguably did not occur during the course of her employment, and he therefore recommended that Rockwell pursue a claim of negligence. As a result, Rockwell sued in tort alleging negligence as well as nuisance and fraud and argues on appeal that Lockheed cannot deny her benefits and still contend that her tort claim is barred by the Workers' Compensation Act.

Generally, where an employee is on a scheduled break and is not conducting her employer's business, the Workers' Compensation Act does not apply.[4] But the "ingress and egress" rule is equally clear: Where the employee is still on her employer's premises in the act of egressing those premises, even if on break, then the Workers' Compensation Act does apply.[5] Therefore, Lockheed may not deny

---

[1] See OCGA § 34-9-11 (a) ("[t]he rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . on account of such injury. . . .").

[2] OCGA § 9-11-56 (c).

[3] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[4] *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 878 (1) (a) (354 SE2d 204) (1987).

[5] *Peoples v. Emory Univ.*, 206 Ga. App. 213, 214 (424 SE2d 874) (1992); *Crawford v. Meyer*, 195 Ga. App. 867 (395 SE2d 327) (1990) (the period of employment includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises including the employer's parking lot).

Rockwell benefits based on the inapplicable "scheduled break" exception.

Both parties were requested by this Court to file supplemental briefs that address the issue of whether Rockwell's workers' compensation claim would still be viable. Although Lockheed contends that it does not know the status of Rockwell's claim, Rockwell concedes that her workers' compensation claim was filed within one year of the incident, it has not been dismissed, and she is still within the five years to request a hearing.[6]

Therefore, as the Workers' Compensation Act is Rockwell's exclusive remedy, and Rockwell still has an opportunity to pursue her workers' compensation claim, the trial court correctly granted summary judgment to Lockheed in this tort action.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 30, 2001 —
RECONSIDERATION DENIED FEBRUARY 15, 2001.

*Eastman & Apolinsky, Stephen D. Apolinsky*, for appellant.
*Downey & Cleveland, Russell B. Davis, Alan J. Gibson*, for appellee.

---

[6] Under OCGA § 34-9-82 (a), the right to compensation is not barred if a claim is filed within one year after injury. See also OCGA § 34-9-100 (c) ("any application for hearing filed with the board pursuant to this Code section for which no hearing is conducted for a period of five years shall automatically stand dismissed").