A04A2145. FREEMAN v. SOUTHWIRE COMPANY.
(605 SE2d 95)

BLACKBURN, Presiding Judge.

We granted Sandra Freeman permission to appeal the superior court's affirmance of the Workers' Compensation Board's ("Board") decision to deny her workers' compensation benefits. Adopting the findings of the administrative law judge ("ALJ"), the Board had ruled that her refusal to continue performing the specially-tailored lighter-duty job which accommodated her work-related injury was unjustified under OCGA § 34-9-240 (a), where the basis for that refusal was

a new debilitating nonjob-related disease which she had contracted after she had been working in the lighter-duty position. We agree with the Board and the superior court and affirm.

Because the relevant facts are not in dispute, and because Freeman contends that the Board applied an erroneous theory of law to the facts, we apply a de novo standard of review. *Hill v. Omni Hotel at CNN Center.*[1]

> In the absence of legal error, the factual findings of the State Board of Workers' Compensation must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

(Citation and punctuation omitted.) Id.

The relevant facts show that Freeman's job as an inspector for Southwire involved repetitive hand movements to cut and manipulate certain wires, which caused Freeman to develop carpal tunnel syndrome. At the doctor's recommendation that this portion of her job be eliminated, Southwire reduced Freeman's job responsibilities to lighter duties so that she needed only to inspect machines and wire samples in the plant as she walked around, with no cutting or manipulation involved. Freeman agrees that this lighter duty was suitable to her capacity as restricted by the carpal tunnel syndrome. She performed this lighter duty until she developed Sjogren's disease, which caused her ankles and legs to swell and prevented her from walking throughout the plant to conduct the inspections. It is undisputed that this new disease was nonwork-related. Because the Sjogren's disease incapacitated her from performing the lighter-duty job, Freeman resigned and sought workers' compensation benefits for permanent partial disability.

The ALJ hearing the matter relied heavily on OCGA § 34-9-240 (a), which provides that "[i]f an injured employee refuses employment procured for him or her and suitable to his or her capacity, such employee shall not be entitled to any compensation . . . at any time during the continuance of such refusal unless in the opinion of the board such refusal was justified." Following a hearing, the ALJ found that the lighter-duty job was suitable to Freeman's capacity and that she was not justified in refusing to continue to work in that position where the reason was the development of a nonjob-related disease

---

[1] *Hill v. Omni Hotel at CNN Center*, 268 Ga. App. 144, 146 (601 SE2d 472) (2004).

that prevented her from performing the job. The Board agreed and adopted the findings and conclusions of the ALJ. The superior court affirmed the Board's decision.

The question on appeal is whether, under OCGA § 34-9-240 (a), the development of a new nonjob-related disability *after* an employee begins working a lighter-duty job (which was suitable to accommodate a prior work-related injury) justifies the employee's refusal of the lighter-duty job. We hold it does not and therefore affirm the superior court's affirmance of the Board's denial of benefits to Freeman.

*City of Adel v. Wise*[2] explains the two-pronged procedure of OCGA § 34-9-240 (a):

> The board must first determine whether the employment offered by the employer and refused by the employee is suitable to the capacity of the employee. If the board finds that the proffered employment is suitable within the meaning of the statute, the employee is not entitled to compensation during the continuance of his refusal to work unless in the opinion of the board such refusal was justified.

(Punctuation omitted.)

The statutory test focuses on the time that the lighter-duty employment is offered, not on a time down the road when the employee may develop an additional disability arising out of circumstances unrelated to employment. Here, at the time Southwire offered Freeman the lighter-duty position, all agreed that the new position was suitable to Freeman's capacity, and indeed she accepted that position and performed the job. Only later when Freeman contracted Sjogren's disease and could no longer perform the walking necessary for the job, did Freeman refuse to work. But this later development does not provide the justification for refusal referenced in the statute, which focuses only on the time that the new position is initially offered and refused by the employee.

This statutory construction precludes anomalous situations. Otherwise, an employee in a new lighter-duty position who is injured in a subsequent personal auto accident that incapacitates the employee from performing even the lighter duties could claim he or she is justified in refusing to work in that position and in effect seek workers' compensation for a nonjob-related disability (something for which disability insurance, not workers' compensation insurance, is designed). Or an employee who subsequently contracts a debilitating

---

[2] *City of Adel v. Wise*, 261 Ga. 53, 54-55 (401 SE2d 522) (1991).

mental illness outside the office could claim total disability benefits under workers' compensation, simply because the employee had been working in a lighter-duty position designed to accommodate the employee's prior work-related injury. On the other hand, a previously noninjured employee who contracts the same mental illness or receives the same injuries in an auto accident would not be entitled to workers' compensation. We do not believe such to be the intent of the legislature. Moreover, our interpretation is consistent with the interpretation of the Board as to what is justified under the statute, an interpretation to which we owe due deference. *Clark v. Ga. Kraft Co.*[3]

The trial court did not err in affirming the decision of the Board. *Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED SEPTEMBER 22, 2004 — 

*Smith, Wallis & Scott, Kenneth A. Smith*, for appellant.
*Ernest C. Barrett*, for appellee.

---

[3] *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884, 885-886 (345 SE2d 61) (1986).