**November 2, 2018**

# In the Court of Appeals of Georgia

A18A0820. FRETT v. STATE FARM EMPLOYEE WORKERS'
COMPENSATION et al.

BROWN, Judge.

We granted Rochelle Frett's application for discretionary appeal to review the
superior court's order, affirming the decision of the Appellate Division of the State
Board of Workers' Compensation, which had denied Frett's claim for benefits under
the Workers' Compensation Act (the "Act"). For the following reasons, we affirm.

The facts in this case are undisputed. At the time of the incident, Frett worked
as an insurance claims associate for State Farm Insurance Companies ("State Farm").
Each workday, Frett had a mandatory, unpaid 45-minute lunch break. An automated
system scheduled staggered lunch breaks to ensure enough associates were available
to handle calls. After logging on for the day, Frett would see her schedule, including

the time for her lunch break. At her scheduled lunch break time, Frett would log out of the phone system. All parties agree that Frett was free to do as she pleased on her break and could leave the office for lunch if she wished. Frett was not expected or asked to do work during her lunch breaks. Generally, Frett brought her lunch and would walk to the State Farm employee breakroom on her floor to prepare her food. During the spring and summer, she would eat her lunch on a bench outside of the office building or in her car in the parking lot. State Farm has a suite within the shared office building, but does not own the parking lot or the surrounding outdoor areas.

On the day of the incident, Frett logged out of the phone system at her assigned time and walked to the breakroom where she microwaved her food. As Frett started to exit the breakroom to take her lunch outside the building, she slipped on water and fell. It is undisputed that Frett was still inside the breakroom when she fell. A manager helped Frett to her feet and instructed her to complete an incident report, which she did. Frett then took her lunch outside to eat on a bench, as planned, but was in pain and left work early.

Based upon these facts, the administrative law judge ("ALJ") awarded Frett temporary total disability benefits and medical expenses arising from her fall, relying

2

upon this Court's decision in *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001). The State Board of Workers' Compensation (the "Board") reversed the ALJ's award, concluding that Frett's injury did not arise out of her employment because it occurred while she was on a "regularly scheduled break." According to the Board, the fact that Frett was in the process of leaving and still on State Farm's premises at the time of the injury did not change the outcome as Frett was leaving to attend to "a purely personal matter." The Board distinguished *Rockwell* on the ground that it addressed whether the Act applied to bar the worker's tort action against her employer, a separate determination from whether the injury at issue was compensable under the Act.[1] The Superior Court of Dekalb County affirmed the Board's denial of benefits.

On appeal, Frett asserts that the Board erred by applying the scheduled lunch break exception to her case and by ruling that the ingress and egress rule does not apply to an employee leaving the employer's premises on a scheduled lunch break.

---

[1] Similarly, State Farm argues on appeal that *Rockwell* is inapplicable to the current case because it decided whether the exclusive remedy provision of the Act applied to bar the worker's tort action against her employer, not whether the worker's injury was compensable under the Act. Based upon the particular issue before us, we find this to be a distinction without a difference. Moreover, in *Rockwell*, we addressed the issue of compensability by holding that "Lockheed may not deny Rockwell benefits based on the inapplicable 'scheduled break' exception." 248 Ga. App. at 73.

3

"Because the relevant facts are not in dispute, and because [Frett] contends that the Board applied an erroneous theory of law to the facts, we apply a de novo standard of review." *Freeman v. Southwire Co.*, 269 Ga. App. 692, 693 (605 SE2d 95) (2004).

> In the absence of legal error, the factual findings of the State Board of Workers' Compensation must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

(Citation omitted.) *Hill v. Omni Hotel at CNN Center*, 268 Ga. App. 144, 146 (601 SE2d 472) (2004).

To be compensable under the Act, an "injury by accident" must arise "out of and in the course of employment." See OCGA § 34-9-1 (4). Both of these "independent and distinct criteria" must be satisfied. *Mayor &c. of Savannah v. Stevens*, 278 Ga. 166 (1) (598 SE2d 456) (2004).

> The words "in the course of the employment" relate to the time, place, and circumstances under which the accident takes place, and an accident arises in the course of the employment when it occurs within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is fulfilling those duties or engaged in something incidental thereto. The words "arising out of the

4

employment" refer to the causal connection between the employment and the injury.

(Citations and punctuation omitted.) *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 854-855 (642 SE2d 841) (2007).

*Scheduled Break Exception*

In *Ocean Acc. & Guar. Corp. v. Farr*, 180 Ga. 266 (178 SE2d 728) (1935), our Supreme Court first enunciated the idea of a lunch break exception to compensability. A worker on-site for his employer's project was injured walking down steps to the basement to eat his lunch during a break. Id. The Court held that because the employee's "preparation for lunch and his eating lunch was his individual affair," the injury "arose out of his individual pursuit and not out of his employment" and thus was not compensable under the Act. Id. at 270-271. We have previously stated that the exception "is founded on the proposition that during the lunch hour the employee turns aside from his employment for his own purposes, and the master-servant relationship is suspended." *American Hardware Mut. Ins. Co. v. Burt*, 103 Ga. App. 811, 814 (120 SE2d 797) (1961). In *Aetna Cas. & Sur. Co. v. Honea*, 71 Ga. App. 569 (31 SE2d 421) (1944), this Court followed *Farr* and held that an employee injured

5

on her employer's premises as she was leaving on her lunch break to go to a hair salon could not pursue a claim under the Act. *Honea*, supra, 71 Ga. App. at 572-573.

We have also applied *Farr* to uphold the denial of benefits in cases in which the employee was injured on the employer's premises, while walking to the bathroom on a scheduled break. See, e.g., *Wilkie v. Travelers Ins. Co.*, 124 Ga. App. 714, 715-717 (185 SE2d 783) (1971); *Hanson v. Globe Indem. Co.*, 85 Ga. App. 179 (2) (68 SE2d 179) (1951). We reasoned:

> Were this an open question, we might be disposed to hold that time set aside by an employer as a "rest break" and for the performance of functions necessary for the health and comfort of an employee on the job should be considered as incidental to the employment, and that injuries sustained while engaged in such performance should be deemed compensable as arising out of and in the course of employment. However, in "lunch break" and "rest break" cases, both the Supreme Court and this court have laid down the rule that where the employee is free to use the time as he chooses so that it is personal to him, an injury occurring during this time arises out of his individual pursuit and not out of his employment. [Cits.]

*Wilkie*, supra, 124 Ga. App. at 715.

In *Edwards v. Liberty Mut. Ins. Co.*, 130 Ga. App. 23 (202 SE2d 208) (1973), this Court imposed a limitation on the lunch break exception created in *Farr* by

6

declining to extend the rule to *unscheduled* breaks "for the reason that the time is not released to [the employee] as free time during which he may do as he will and it cannot be construed as an altogether personal pursuit, as is the case during scheduled breaks." Id. at 24 (2). Thus, as the rule exists now,

> where a *scheduled* rest break or lunch break is provided to employees during which the employee is free to use the time as he chooses, making it personal to him, an injury occurring during the break period arises out of an individual pursuit and not out of his employment and is not compensable.

(Citation omitted; emphasis supplied.) Id. at 24 (1). See *Miles v. Brown Transport Co.*, 163 Ga. App. 563, 564 (294 SE2d 734) (1982) (scheduled break exception did not apply to employee's injury sustained on employer's premises while employee was leaving work during lunch break because her lunches were not "scheduled" and she often performed "job-related duties" during lunch). The scheduled break exception applies even if the injury occurs "within working hours and on the employer's premises." *Miles*, 163 Ga. App. at 564.

*Ingress and Egress Rule*

In a parallel, but separate line of cases, this Court fashioned the ingress and egress rule. It is a variation of the long-established rule that "[p]reparations by the

7

employee at the place of employment, to begin the work for which he is employed, is a part of the duties of the employment." (Citations and punctuation omitted.) *Employer's Ins. Co. v. Bass*, 81 Ga. App. 306 (2) (58 SE2d 516) (1950). In *Bass*, we first applied this principle to an employee walking from one portion of the employer's premises to another to actually begin work for the day. Id. at 306-307 (3). In *Fed. Ins. Co. v. Coram*, 95 Ga. App. 622 (98 SE2d 214) (1957), another case of first impression, we applied it to an employee who was injured while she walked to her parked car at the end of the work day. Id. at 622-623. In so holding, we noted that

> [t]he "rest period" and "lunch hour" cases are not applicable here. The reasoning behind such cases is that during a rest period or lunch hour, an employee is spending such time for his personal benefit and pleasure. In the instant case it cannot be said that in proceeding from that portion of the premises where she parked, to her immediate work area and in returning therefrom, the claimant was on a purely personal mission. We think that going to and from the parking lot in order to reach and leave her immediate working area was a necessary incident to the claimant's employment.

Id. at 624. The earliest mention of "ingress" and "egress" comes from *United States Cas. Co. v. Russell*, 98 Ga. App. 181 (105 SE2d 378) (1958), in which we stated: "It has been well established that the period of employment generally includes a

8

reasonable time for ingress to and egress from the place of work, while on the employer's premises." (Citations and punctuation omitted.) Id. at 182. More recently, we have explained that this rule "is predicated on the rationale that until the employee has departed the premises, he has not started traveling a route of his choosing wholly disconnected with his employment." (Citation and punctuation omitted.) *Hill*, supra, 268 Ga. App at 147.

In *Travelers Ins. Co. v. Smith*, 91 Ga. App. 305, 309 (85 SE2d 484) (1954), we first acknowledged that "[t]here is concededly, under certain circumstances, a conflict in our Workmen's Compensation Law," depending upon whether the claimant was on her way to work in the morning (in which case she might recover) or was returning from lunch (in which case she might not recover). A panel of this Court then stated that "stepping aside from the employment" whether "to go home at night or to go to lunch . . . is an act contemplated by the employment . . . which necessitates the return to the place of employment a reasonable time before the beginning thereof." Id. at 311. Thus, we extended the ingress and egress rule to cover situations where "the claimant has departed from his employment to go elsewhere to eat his lunch on time given him for that purpose, but . . . is *returning* to his employment and is injured at a place and time where it is necessary for him to be in order to get back to his work

9

station at the time set for him to recommence his duties." (Emphasis supplied.) Id.

Similarly, in *Chandler v. Gen. Acc. Fire & Life Assur. Corp.*, 101 Ga. App. 597 (114 SE2d 438) (1960), we held that an "[employee], having reached the employer's premises upon her return from supper, was entitled to a reasonable time for ingress to her place of work and that an accident occurring during such time shall be construed as arising out of and in the course of her employment." Id. at 599. The employee had left work during her scheduled supper break to eat and run a personal errand. Id. at 598. After parking her car, she was injured as she crossed the street to return to work. Id.

In *Rockwell*, we applied the ingress and egress rule for the first time to an employee *leaving* for a scheduled lunch break. The employee fell while traveling across a walkway on her way to a parking lot. 248 Ga. App. at 73. Believing that her injury was not compensable under the Act, the employee brought a tort suit against her employer. Id. This Court held that the Act applied as the exclusive remedy, barring her tort suit, and that the employee could pursue a workers' compensation claim on the basis of the "ingress and egress" rule:

> Generally, where an employee is on a scheduled break and is not conducting her employer's business, the Workers' Compensation Act

10

does not apply. But the "ingress and egress" rule is equally clear: Where the employee is still on her employer's premises in the act of egressing those premises, even if on break, then the Workers' Compensation Act does apply. Therefore, [the employer] may not deny [the employee] benefits based on the inapplicable "scheduled break" exception.

(Citations omitted.) Id. at 73-74.

*Analysis*

As we have outlined above, our current case law regarding the intersection of the ingress and egress rule with the scheduled break rule creates anomalous and arbitrary results. An employee choosing to leave her employer's premises during a scheduled lunch break who is injured while departing or returning would be compensated under the Act, but an employee who chooses to remain on her employer's premises and is injured during a scheduled lunch break would have no such coverage. Additionally, whether an employee had the subjective intent to depart the premises will determine coverage when an employee is injured on the employer's premises at the beginning of a scheduled break.

We have also allowed conflicting decisions to remain viable law. Our decision in *Rockwell* conflicts with our previous decision in *Honea*; in both cases the employee was injured while departing for a scheduled break, but opposite conclusions

11

were reached with regard to whether benefits could be allowed under the Act. These two lines of cases should not be allowed to continue to co-exist. After carefully considering the anomalies created by layering the ingress and egress rule on top of the scheduled break exception, as well as this Court's duty to apply existing Georgia Supreme Court precedent, we conclude that the extension of the ingress and egress rule to cover cases in which the employee is injured while leaving and returning to work on a regularly scheduled break was an improper dilution of the Supreme Court's decision in *Farr*.[2] We therefore disapprove our previous holdings to the contrary in *Smith*, *Chandler*, and *Rockwell*.[3] In our view, any decision to apply the ingress and egress rule to the scheduled break exception should be made by our Supreme Court,

---

[2] While other jurisdictions have gone the direction of *Smith* and its progeny, see *Hearthstone Manor v. Stuart*, 84 P3d 208, 211 (Or. Ct. App. 2004); *Gold Kist, Inc. v. Jones*, 537 SO2d 39, 40-41 (Ala. Civ. App. 1988); *Dyer v. Sears, Roebuck & Co.*, 85 NW2d 152, 154 (Mich. 1957), they do not have a scheduled break rule. Compare *Holder v. Wilson Sporting Goods Co.*, 723 SW2d 104, 107 (Tenn. 1987) ("Where the employee is injured on the employer's premises during a break period provided by the employer, such an injury is generally compensable. . . .") (citation and punctuation omitted).

[3] While we recognize that a line could be drawn where employees *returning* to work after a lunch break could be compensated, see *Smith*, supra, while those *leaving* for their lunch break are not compensated, see *Honea*, supra, such a result would continue the practice of arbitrary and anomalous results within this body of law.

12

particularly because the Supreme Court has never expressed its view on the ingress and egress rule generally.

Turning to the case at hand, we find that Frett's injury did not arise out of her employment, but rather an individual pursuit. See *Honea*, supra, 71 Ga. App. at 573; cf. *Miles*, supra, 163 Ga. App. at 564. It is undisputed that Frett's lunch breaks were scheduled and that she was free to do as she pleased during that time. Accordingly, the superior court did not err in affirming the Board's denial of benefits based on the scheduled break exception. We recognize that this result may seem harsh with respect to Frett, but establishing this clearer bright-line rule will benefit injured parties in the future by eliminating the guesswork in whether to pursue a claim under the Act or sue in tort in situations such as this.

*Judgment affirmed. Dillard, C. J., Doyle, P. J., McMillian, Rickman, Mercier, Goss, and Coomer, JJ, concur. McFadden, P. J., concurs fully and specially. Barnes, P. J., Miller, P. J., and Reese, J., dissent. Ellington, P. J., concurs in judgment only in the dissent. Gobeil, J., disqualified.*

A18A0820. FRETT v. STATE FARM EMPLOYEE WORKERS'
COMPENSATION et al.

MCFADDEN, Presiding Judge, concurring fully and specially.

Although I share Presiding Judge Miller's concerns, I agree with the majority. *Ocean Accident & Guaranty Co. v. Farr*, 180 Ga. 266 (178 SE 728) (1935), is a decision of the Supreme Court, and we must abide by it. So I concur fully.

I write separately to note the tension between the rule of *Farr*, as we must apply it today, and the doctrine of continuous employment. That doctrine provides "broader workers' compensation coverage" for "an employee who is required by his employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site." *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 855 (642 SE2d 841) (2007) (citations and punctuation omitted). See

*Wilson v. Ga. Power Co.*, 128 Ga. App. 352, 353-354 (1) (196 SE2d 693) (1973). "He must of necessity eat and sleep in various places in order to further the business of his employer[.]" *Thornton v. Hartford Accident & Indem. Co.*, 198 Ga. 786, 790 (32 SE2d 816) (1945). The choices of an employee required to be back from lunch in 45 minutes, no less than those of an employee required to lodge hours from home in order to be on the job site the next morning, are "geographically limited."

A18A0820. FRETT v. STATE FARM EMPLOYEE WORKERS'

    COMPENSATION.

MILLER, Presiding Judge, dissenting.

Over the last 70 years, perhaps beginning with *Travelers Ins. Co. v. Smith*, 91 Ga. App. 305 (85 SE2d 484) (1954), the Georgia appellate court's jurisprudence concerning the relationship between the ingress/egress rule and the scheduled break rule has become unnecessarily clouded. *Rockwell v. Lockhead Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001), included our last statement on this issue and represented an attempt to meaningfully reconcile these rules. But I certainly agree with the majority that the conflicts between the two lines of cases cannot continue, particularly because injuries implicating both the scheduled break rule and the ingress/egress rule arise far too often. And as a former director and appellate judge

of the Board, I am acutely aware of the need for employers and employees — as well as the Workers' Compensation bar — to have clear direction in the law.

Industry is too important to our economy for us to not know definitively where the appellate courts stand on this issue, particularly considering that employers pay extremely high workers' compensation premiums. Further, the employees of this State should not be left with uncertainty regarding the workers' compensation coverage to which they are entitled. I therefore urge the Supreme Court of Georgia to consider the diverging lines of cases and determine how these two rules should interact. Until that happens, however, I would conclude that the ALJ properly applied our decision in *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001), and found that Frett's injuries were compensable.

As the majority notes, the facts are undisputed. Frett slipped in the break room as she prepared to begin her lunch break. The break room was supplied by Frett's employer and although Frett had clocked out for her lunch break, she had not yet left the employer's premises. The question is whether such an injury "arises out of" her employment.

To answer this very important question for employers and employees, we must reconcile two conflicting lines of appellate precedent that date back to the 1930's: the

2

scheduled break cases and the ingress/egress cases. The Supreme Court of Georgia first set out the scheduled break rule in 1935 and held that, when an employee is on a scheduled break, conducting his own personal business, any injury he sustains does not arise out of his employment. *Ocean Accident & Guarantee Corp. v. Farr*, 180 Ga. 266 (178 SE 728) (1935). Then, in 1950, this Court fashioned the ingress/egress rule, finding that employees were entitled to coverage for a reasonable amount of time in which they are on the employer's property preparing to begin the work day. *Employers Ins. Co. of Alabama v. Bass*, 81 Ga. App. 306 (2) (58 SE2d 516) (1950). That principle was extended to include a reasonable time in which the employee is leaving the premises at the end of the work day. *Federal Ins. Co. v. Coram*, 95 Ga. App. 622, 622-623 (98 SE2d 214) (1957).

These two lines of cases continued to exist separately for decades until this Court issued the *Rockwell* decision in 2001, marking the first time this Court considered on appeal how the scheduled break rule and the ingress/egress rule should interact. *Rockwell*, supra, 248 Ga. App. at 73. In merging the two rules, we noted that the scheduled break rule would deny coverage to an employee injured on a break, but that the ingress/egress rule was "*equally clear*" and that if an employee was injured

on the employer's premises, in the act of egressing the premises even if on a break, coverage applied. Id.

The rationale of the ingress/egress rule is to allow an employee a reasonable time to enter and leave her place of employment before she is deemed to be acting solely of her own choosing. *Peoples v. Emory University*, 206 Ga. App. 213, 214 (424 SE2d 874) (1992); *United States Cas. Co. v. Russell*, 98 Ga. App. 181 (105 SE 378) (1958) (employee is entitled to reasonable time for ingress and egress). Although the ingress/egress rule has generally been applied to employees arriving for the work day or leaving at the end of the work day, I can think of no reasonable basis to provide coverage for an employee heading home at the end of the day but not to an employee who has not even left her employer's premises in the middle of the day. Cf. *Connell v. Head*, 253 Ga. App. 443, 444 (559 SE2d 73) (2002) ("[w]here the employee is still on her employer's premises in the act of egressing those premises, then the Workers' Compensation Act does apply.") (citation and footnote omitted); *West Point Pepperell v. McEntire*, 150 Ga. App. 728 (1) (258 SE2d 530) (1979) ("[a]n employee is allowed a reasonable time for egress from the immediate place of work during which she remains in the course of her employment."). Certainly, by using the employer-provided break room on the employer's premise, Frett was not yet

4

"traveling a route of her choosing wholly disconnected with her employment" when she was injured. *Coram*, supra, 95 Ga. App. at 624.

Further, affording Frett benefits here and interpreting the two rules cohesively would be consistent with the humanitarian purpose of the Act, which requires us to construe the statute liberally. See *City of Waycross v. Holmes*, 272 Ga. 488, 489 (532 SE2d 90) (2000) ("The Workers' Compensation Act is a humanitarian measure which should be liberally construed to effectuate its purpose.") (citation omitted); see also OCGA § 34-9-23. The whole purpose of the Act is to "provid[e] relief to the injured employee and protect[] employers from excessive damage awards" while enabling the employee to swiftly return to work. *Samuel v. Baitcher*, 247 Ga. 71, 73 (274 SE2d 327) (1981). This is not a civil tort claim. Workers' compensation is the exclusive remedy for an employee injured on the job.

In seeking to overrule the *Rockwell*-line of cases, the majority reverts to the 1930s rather than recognizing and adapting to changes in how employees work. The majority relies on *Farr*, supra, 180 Ga. 266, as the basis for its decision. *Farr* and its progeny, however, never considered the ingress/egress rule and focused solely on the scheduled break rule. Thus, the *Farr*-line of cases are distinguishable from the case before us. Moreover, to extend the rule in *Farr* to deny benefits to Frett, as the

5

majority suggests, is "to further alter the spirit and intention" of the Act. *Gay v. Aetna Cas. & Surety Co.*, 72 Ga. App. 122, 126 (33 SE2d 109) (1945) (Felton, J., dissenting), overruled in part by, *Coram*, supra, 95 Ga. App. 622.

Again, this is an issue ripe for Supreme Court review. The Supreme Court of Georgia has never revisited the scheduled break rule following the creation of the ingress/egress rule. Unless or until that happens, however, we must follow our precedent and adhere to our mandate to liberally construe the Act. To that end, I believe the better course is to overrule the *Honea*-line of cases and to reinstate the ALJ's finding that Frett's injuries were compensable. See *Wilkie v. Travelers Ins. Co.*, 124 Ga. App. 714 (185 SE2d 783) (1971) (no coverage for injury on the way to restroom break under scheduled break rule); *Hanson v. Globe Indemnity Co.*, 85 Ga. App. 179 (68 SE2d 179) (1961) (same); *Aetna Cas. & Sur. Co. v. Honea*, 71 Ga. App. 569 (31 SE2d 421) (1944) (no coverage for employee injured leaving for her scheduled break).

For the reasons stated above, I respectfully dissent. I am authorized to state that Presiding Judge Barnes and Judge Reese concur in this dissent and Presiding Judge Ellington concurs in judgment only.