**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS,**
**JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timelyfiled.
http://www.gaappeals.us/rules

**February 26, 2019**

# In the Court of Appeals of Georgia

A18A1764. DANIEL v. BREMEN-BOWDON INVESTMENT CO. GS-065

GOSS, Judge.

We granted Sheryl Daniel's application for discretionary appeal to review the superior court's order which affirmed the decision of the Appellate Division of the State Board of Workers'Compensation to denyDaniel's claimfor benefits under the Workers' Compensation Act (the "Act"). For the following reasons, we affirm.

The facts in this case are undisputed. At the time of the incident, Daniel was employed as aseamstress at Bremen-BowdenInvestment Company(the "Employer"). Daniel parked in a lot owned by the Employer, but in order to get to and from the parkinglotshe wasrequiredtowalkdowna public sidewalk andacrossthe street. On July 22, 2016, Daniel left her work station for her regularly scheduled lunch break and

planned to drive home. The Employer's employees were allowed to leave the workplace and do whatever they wished during this regularly scheduled lunch break. As she walked to her car, Daniel tripped on the sidewalk and was injured.

Daniel sought temporary total disability benefits beginning the day after her injury, payment of medical bills, designation of a certain doctor as the authorized testing physician, and attorney fees. Relying upon this Court's decision in *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001), the Administrative Law Judge with the trial division of the State Board of Workers' Compensation ("ALJ") concluded, inter alia, that Daniel was entitled to income benefits under the ingress and egress rule on a scheduled lunch break. The ALJ also awarded Daniel medical expenses, the ability to select her treating physician, and attorney fees pursuant to OCGA § 34-9-108. The Employer appealed the ALJ's decision to the appellate division of the State Board of Workers' Compensation (the "Board"). The Board reversed the ALJ's award, concluding that Daniel's injury did not arise out of her employment because it occurred while she was on a regularly scheduled break. The superior court affirmed the Board's denial of benefits, and this Court granted Daniel's application for discretionary review.

1. Daniel argues that the superior court erred by holding that her trip and fall

duringa periodof egressona regularlyscheduledlunchbreakdid not arise in andout of the course of her employment. We find no error.

Because the pertinent factsare notdisputed,andbecause Danielarguesthatthe Board and the superior court "applied an erroneous theory of law to the facts, we applya de novo standard of review." (Citation and punctuation omitted.) *Freeman v. Southwire Co.*, 269 Ga. App. 692, 693 (605 SE2d 95) (2004).

> In the absence of legal error, the factual findings of the State Board of Workers' Compensation must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

(Citationomitted.) *Hillv. Omni HotelatCNN Ctr.*, 268Ga. App. 144, 146(601SE2d 472) (2004).

To be compensable under the Workers Compensation Act, an "injury by accident" mustarise "out of andinthe course of employment[.]" See OCGA §34-9-1 (4). Both of these "independent and distinct criteria" must be satisfied. *Mayor &c. of Savannah v. Stevens*, 278 Ga. 166, 166 (1) (598 SE2d 456) (2004). The words

3

"in the course of the employment" relate to the time, place, and circumstances under which the accident takes place, and an accident arises in the course of employment when it occurs within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is fulfilling those duties or engaged in something incidental thereto.

(Citation omitted.) *General Fire &Cas. Co. v. Bellflower*, 123 Ga. App. 864, 867 (3) (182 SE2d 678) (1971). The words "arising out of the employment" refer to the causal connection between the employment and the injury. Id. at 868 (4).

In parallel but separate lines of cases, Georgia courts have fashioned an ingress and egress rule and a scheduled break exception to the Workers' Compensation Act. Under the scheduled break exception, this Court has carved out an exception to the Workers' Compensation Act "for injuries occurring during a regularly scheduled lunch break or rest break and at a time claimant is free to do as she chooses." *Miles v. Brown Transport Corp.*, 163 Ga. App. 563, 564 (294 SE2d 734) (1982). Under the ingress and egress rule, this Court has concluded that the Workers' Compensation Act applies "where an employee is injured *while still on the employer's premises* in the

4

act of going to or coming from his or her workplace." (Citation omitted. *Hill,* 268 Ga. App. at 147.

Daniels relies upon *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001), for the assertion that, under the ingress and egress rule, where an employee is still on her employer's premises in the act of egressing those premises, even if on a regularly scheduled break, the Workers' Compensation Act applies. Id. at 73. However, during the pendency of the instant appeal, this Court disapproved *Rockwell*, 248 Ga. App. at 73, and other cases, to hold that the ingress and egress rule does not extend coverage to cases in which the employee is injured while leaving and returning to work on a regularly scheduled lunch break. *Frett v. State Farm Employee Workers' Compensation*, __ Ga. App. __ (821 SE2d 132) (2018). In *Frett*, this Court concluded that "the extension of the ingress and egress rule to cover cases in which the employee is injured while leaving and returning to work" for a regularly scheduled break was improper. Id.

In the instant case, we apply the holding in *Frett*, supra, to conclude that because Daniels' injury occurred while she was egressing the Employer's property during her regularly scheduled lunch break, her injury is not compensable under the Workers' Compensation Act. The superior court did not err in affirming the Board's

5

denial of her claim under the Workers' Compensation Act.

2. Morgan argues that the superior court erred in affirming the Appellate

Division's reversal of the ALJ's assessed attorney fees for the Employer's violation

of OCGA § 34-9-221. We disagree.

The ALJ ordered the Employer to pay attorney fees and expenses under OCGA

§ 34-9-108 (b). The Board then reversed the ALJ and denied Daniels' request for

assessed attorney fees. OCGA § 34-9-108 (b) (2) provides:

> If any provision of [OCGA §] 34-9-221,[1] without reasonable grounds, is
> not complied with and a claimant engages the services of an attorney to
> enforce his or her rights under that Code section *and the claimant*
> *prevails*, the reasonable quantum meruit fee of the attorney, as
> determined by the [B]oard, and the costs of the proceedings may be
> assessed against the employer.

(Emphasis supplied.) In the instant case, however, Daniels did not prevail on her

claims for benefits under the Workers' Compensation Act. Accordingly, the superior

court did not err by affirming the Board's denial of her request for attorney fees. See,

---

[1]
    OCGA §34-9-221, in turn, requires an employer to pay benefits or controvert
the claim within 21 days of its knowledge of the injury. OCGA § 34-9-221 (b), (d).

6

e. g., *Dasher v. City of Valdosta*, 217 Ga. App. 351, 352 (2) (457 SE2d 259) (1995) (in light of the fact that the employee failed to show that he was entitled to disability benefits, the employer was not liable for attorney fees under OCGA § § 34-9-221 or 34-9-108).

*Judgment affirmed. Brown, J., concurs. Miller, P. J., dissents.\**

**THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

A18A1764. DANIEL v. BREMEN-BOWDON INVESTMENT, CO.
et al.

MILLER, Presiding Judge, dissenting.

I must respectfully dissent from the majority's decision for the reasons stated in my dissenting opinion in *Frett v. State Farm Employee Workers' Compensation*, 348 Ga. App. 30, 37-40 (821 SE2d 132) (2018). In my view, the ALJ correctly determined that Daniel's injury was compensable, and I would therefore reverse the ruling of the superior court.