**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 8, 2021**

# In the Court of Appeals of Georgia

A18A1764. DANIEL v. BREMEN-BOWDON INVESTMENT, COMPANY et al.

PIPKIN, Judge.

In *Daniel v. Bremen-Bowdon Investment Co.*, 348 Ga. App. 803 (824 SE2d 698) (2019) ("*Daniel I*") (physical precedent only), this Court, relying on our decision in *Frett v. State Farm Employee Workers' Compensation*, 348 Ga. App. 30, 36 (821 SE2d 132) (2018) ("*Frett I*"), affirmed the superior court's order upholding the decision of the State Board of Workers' Compensation denying Sheryl Daniel's claim for benefits under the Workers' Compensation Act ("the Act"), OCGA § 34-9-1 et seq. Our Supreme Court subsequently reversed our decision in *Frett I*, see *Frett v. State Farm Employee Workers' Compensation*, 309 Ga. 44 (844 SE2d 749) (2020) ("*Frett II*"), and then granted the petition for certiorari in *Daniel I*, vacated our

judgment, and remanded the case for reconsideration in light of *Frett II.* Accordingly, we now vacate our earlier opinion and, as set forth more fully below, reverse the decision of the superior court.

The facts in this case are undisputed. As stated in *Daniel I*, at the time of the accident, Daniel was employed as a seamstress at Bremen-Bowdon Investment Company (the "Employer"). On the day of the accident, Daniel left her work station for a regularly scheduled lunch break and planned to drive home. Daniel was parked in a lot owned by her Employer, but it was necessary for her to walk down a public sidewalk and across the street to access the lot. As Daniel walked to her car, she tripped on the sidewalk and was injured. 348 Ga. App. at 803.

Relying on this Court's decision in *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001), an Administrative Law Judge with the trial division of the State Board of Workers' Compensation ("ALJ") concluded that Daniel was entitled to income benefits because she was injured while egressing the premises for a scheduled lunch break.[1] The Appellate Division of the State Board of Workers' Compensation (the "Board") reversed the ALJ's award, concluding that while

---

[1] The ALJ also awarded Daniel medical expenses, the ability to select her treating physician, and attorney fees pursuant to OCGA § 34-9-108.

Daniel's injury occurred during the course of her employment, the injury did not arise out of her employment because it occurred while she was on a regularly scheduled lunch break. The superior court affirmed the Board's denial of benefits, and this Court, relying on *Frett I*, affirmed the superior court in a non-precedential opinion in which Presiding Judge Miller dissented. As directed by our Supreme Court, we must now reconsider our opinion in light of *Frett II*.

> The Workers' Compensation Act provides for compensation for injuries that occur "in the course of" employment *and* "arise out of" employment. See OCGA § 34-9-1 (4). These two prerequisites to compensation, which have remained unchanged since the original adoption of the Act in 1920, are "independent and distinct," and any claim for compensation under the Act must satisfy both prerequisites.

(Punctuation omitted; emphasis in original.) *Frett II*, 309 Ga. at 46 (2).

There is no issue in this case concerning whether Daniel's injury occurred during the course of her employment – the ALJ found that it did, the Board and superior court agreed with that conclusion, and the Employer does not take issue with that adverse holding on appeal. Rather, the issue here is whether Daniel's injury was one "arising out of" her employment. This is the same issue we grappled with in *Frett*

3

*I*, which concerned the compensability of an injury that occurred in a break room during an employee's regularly scheduled lunch break. As we explained in *Daniel I*,

> [i]n parallel but separate lines of cases, Georgia courts have fashioned an ingress and egress rule and a scheduled break exception to the Workers' Compensation Act. Under the scheduled break exception, this Court has carved out an exception to the Workers' Compensation Act for injuries occurring during a regularly scheduled lunch break or rest break and at a time claimant is free to act as she chooses. Under the ingress and egress rule, this Court has concluded that the Workers' Compensation Act applies where an employee is injured while still on the employer's premises in the act of going to or coming from his or her workplace.

(Citation, punctuation and emphasis omitted.) 348 Ga. App. at 805 (1). As we noted in *Frett I*, "the intersection of the ingress and egress rule with the scheduled break rule creates anomalous and arbitrary results" namely, that an employee who is injured on the premises while leaving and returning to the premises from a scheduled break is entitled to compensation under the Act while an employee who stays on the premises during the break and is injured is not entitled to compensation. 348 Ga. App. at 35. Recognizing our duty to follow existing Supreme Court precedent on the lunch break exception to compensability first set out in *Ocean Acc. and Guarantee Corp. v. Farr*, 180 Ga. 266 (178 SE 728) (1935), we "conclude[d] that the extension of the

4

ingress and egress rule to cover cases in which the employee is injured while leaving and returning to work on a regularly scheduled break was an improper dilution of the Supreme Court's decision in *Farr*." 348 Ga. App. at 36. Accordingly, we disapproved our previous holdings to the contrary in *Travelers Ins. Co. v. Smith*, 91 Ga. App. 305, 309 (85 SE2d 484) (1954), *Chandler v. Gen. Acc. Fire & Life Assur. Corp.*, 101 Ga. App. 597 (114 SE2d 438) (1960), and *Rockwell v. Lockheed Martin Corp.*, 248 Ga. App. 73 (545 SE2d 121) (2001). 348 Ga. App. at 36.

However, in *Frett II*, our Supreme Court determined that the better course of action was to overrule its decision in *Farr*,[2] thereby reversing our decision in *Frett I*, which we vacated upon remand. *Frett II*, 309 Ga. at 62 (3) (c). Thus, any impediment to applying the ingress and egress rule to a scheduled lunch break has been removed, and those cases we overruled in *Frett I* have been resuscitated.[3] Applying the reasoning of those cases here, and based on the Supreme Court's analysis in *Frett II*, we conclude that Daniel's accident resulted in an injury which

[2] The Supreme Court also specifically overruled cases from this Court that applied the scheduled break rule to deny compensability under the Act. See *Frett II*, 309 Ga. 44 at 62 (3) (c), n.16.

[3] As our Supreme Court stated, "[t]o be sure, the ingress and egress rule appears to be a sound principle, and the Court of Appeals acted quite logically in extending it to lunch breaks." *Frett II*, 309 Ga. at 60 (3) (b).

5

both arose out of and was in the course of her employment and was thus compensable under the Act. *Rockwell*, 248 Ga. App. at 74; *Chandler*, 101 Ga. App. at 599-600; *Smith*, 91 Ga. App. at 311. Accordingly, the superior court's decision affirming the Board's denial of benefits and attorney fees is reversed.

*Judgment reversed. Miller, P. J., and Brown, J., concur*.